UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL WEIDMAN, JOYCE BONASER
THOMAS LEANDRO; JEAN LOUISE
THUOTTE SR.; ANDRES SANCHEZ;
SETH GINGSBERGL JASON BUSH;
STEVE MITCHELL; RAUL
VALENTIN, ERICA GOMEZ, PERRY
BURTON, TERESA PERRY, and ROY
NAASZ, MARTY COBB; PATRICK
HUFF; ANTHONY TAURIANINEN;
CARSON ADAMS; THOMAS GROCE
RICHARD EPPERSON; AMANDA
GOLLOTT; and ROY WILLIAM
WILBURN, individually and on behalf o
others similarly situated,

    Plaintiffs,

v.

FORD MOTOR COMPANY,

    Defendant.
_____/

Case No.: 18-cv-12719

Honorable Gershwin A. Drain

## **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT [#53]**

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

On August 30, 2018, Plaintiffs brought the instant action against Defendant Ford Motor Company alleging that each Plaintiff had purchased a Ford F-150 with a defective front brake master cylinder that places it at risk of suddenly and

unexpectedly losing braking ability. On July 10, 2019, the Court entered an Opinion and Order granting in part and denying in part the Defendant's Motion to Dismiss Consolidated Class Action Complaint. ECF No. 48. The Court's July 10, 2019 Opinion and Order dismissed all of Plaintiffs' express and implied warranty of merchantability claims, unjust enrichment claims, and claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*. *Id.* at PageID.1575.

On July 24, 2019, the Court received a proposed stipulated order regarding Plaintiffs' filing of an Amended Complaint and Defendant's Response. In their proposed stipulation, the Plaintiffs indicated that they sought to amend their allegations in order to add named plaintiffs from additional states and to re-plead certain claims, including the factual allegations underlying those claims. Rather than enter the parties' proposed stipulated order, the Court scheduled and held a status conference in this matter on July 31, 2019. Thereafter, the Court entered an Order allowing Plaintiffs to file an Amended Class Action Complaint by August 14, 2019. Plaintiffs filed their First Amended Class Action Complaint on August 14, 2019.

Now before the Court is the Defendant's Motion to Dismiss First Amended Consolidated Class Action Complaint (FACCAC), filed on September 18, 2019. Plaintiffs filed their Response on October 11, 2019, and Defendants filed their Reply on October 24, 2019. For the reasons that follow, the Court will grant in

part and deny in part Defendant's Motion to Dismiss Consolidated Class Action Complaint.

## II. FACTUAL BACKGROUND

Plaintiffs' core allegation remains unchanged, specifically, that their 2014 through 2018 Ford F-150 trucks "contain[] a defective front brake master cylinder ("Master Cylinder") that place [them] at risk of suddenly and unexpectedly losing braking ability." ECF No. 52, PageID.1587. In addition to the six plaintiffs from five states (Alabama, California, Florida, Georgia and Texas), who brought the prior complaint, the First Amended Consolidated Class Action Complaint identifies nine new plaintiffs from those five states: Joyce Bonasera, Thomas Leandro and Jean Louise Thuotte (California), Jason Bush and Steve Mitchell (Florida), Marty Cobb and Patrick Huff (Georgia), Richard Epperson and Amanda Gollett (Texas). Plaintiffs have also added six plaintiffs from new states: Andres Sanchez (Colorado), Seth Ginsberg (Connecticut), Anthony Tauriainen (Michigan), Carson Adams (New York), Thomas Groce (South Carolina), and Roy William Wilburn (West Virigina).

Plaintiffs seek to certify a nationwide class of all purchasers and lessees of 2013-18 Ford F-150s in the United States, and separate state classes for vehicles purchased or leased in Alabama, California, Colorado, Connecticut, Florida, Georgia, Michigan, New York, South Carolina, Texas and West Virginia.

## III. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all

of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B. Express Warranty Claims

#### 1. Plaintiffs Weidman and Perry

Defendant first argues that Plaintiffs are precluded from repleading their express warranty claims because these claims were dismissed with prejudice in the

5

Court's July 10, 2019 Opinion and Order. Plaintiffs counter that the Court's July 10, 2019 Opinion and Order did not state the dismissal of these claims was with prejudice. Plaintiffs further contend that they were permitted to re-plead these claims because the Court entered an Order allowing Plaintiffs to file the FACCAC. Plaintiffs' argument is not well taken. Plaintiffs and Defendant agreed in a proposed stipulated order to allow the Plaintiffs to file an amended complaint in order to add named plaintiffs from additional states and to re-plead certain claims, including the factual allegations supporting those claims. Thus, the Court was willing to allow Plaintiffs additional time within which to file their amendment. The Court's Order allowing Plaintiff to file the FACCAC said nothing about re-pleading claims that have already been dismissed. Nor did the Court indicate that the dismissal of these claims was without prejudice. To the contrary, the Court's July 10, 2019 Opinion and Order was silent as to whether the dismissal was without or with prejudice because it is well settled that "[u]nless stated otherwise in a dismissal order, a dismissal under Federal Rule of Civil Procedure 12(b)(6) is an adjudication on the merits." *Layer-Rosario v. Allied Mortg. Capital Corp.*, No. 17-5468, 2018 U.S. App. LEXIS 554 (6th Cir. Jan. 9, 2018) (citing Fed. R. Civ. P. 41(b); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001)). As such, Plaintiffs are not permitted to re-plead their dismissed claims. Thus, Counts 3 and 25 of the FACCAC are dismissed.

In any event, even if Plaintiffs Weidman and Perry were allowed to re-plead their claims, the FACCAC does not cure the deficiencies that resulted in their dismissal. This Court dismissed Plaintiffs Weidman and Perry's express warranty claims because neither "alleged that they experienced any problems subsequent to the replacement of the master cylinder." ECF No. 48, PageID.1562. Yet, Weidman and Perry still do not allege any recurrence of the problem in the FACCAC. Rather, they add an allegation that their replacement parts are "substantially certain to fail." ECF No.52, PageID.1647. While this Court previously noted that the prior Complaint lacked such an allegation, it did so only in connection with distinguishing a case involving California law, which does not apply to Weidman's Alabama claim or Perry's Texas claim. *See Benkle v. Ford Motor Co.*, No. 2017 WL 9486154 (C.D. Cal. Dec. 22, 2017) (citing *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 511-12 (C.D. Cal. 2012)) (finding plaintiffs had plausibly alleged an express warranty claim because the replacement parts were "substantially certain to fail again.").[1]

Moreover, the FACCAC does not rectify the fact that Plaintiff Perry failed to provide the requisite pre-suit notice as required by Texas law. This Court previously held that Perry could not rely on a letter sent by Plaintiff Weidman because Perry did not take any steps to put Defendant on notice of the defect with

---

[1] Plaintiffs inaccurately claim that *Benkle*'s holding relied on the application of Alabama law. ECF No. 55, PageID.2413. It did not.

her vehicle. *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201-02 (Tex. App. 2003)(holding "[t]he manufacturer must be made aware of a problem with a particular product purchased by a particular buyer."). Plaintiff Perry's attempt to circumvent this holding by removing language in the FACCAC indicating that Weidman sent the notice letter to Defendant, rather than Perry would not provide Perry with a viable claim. Plaintiffs rely on *Gordon v. Sig Sauer, Inc.*, No. H-19-585, 2019 U.S. Dist. LEXIS 160584 (S.D. Tex. Sep. 20, 2019), to assert that Texas has relaxed Texas's pre-suit notice requirement. However, this case does not appear on point with Perry's allegations because the *Gordon* plaintiff did provide notice to the defendant. 2019 U.S. Dist. LEXIS 160584, at *32.

Accordingly, for all of these reasons, Defendant is entitled to dismissal of Counts 3 and 25.

### 2. New Plaintiffs

Defendant further argues that none of the new Plaintiffs have alleged facts showing that Ford breached the limited warranty. Specifically, Defendant asserts that (1) none of the new plaintiffs allege that they sought repairs during the warranty period, (2) Plaintiffs' improperly rely on the already rejected argument that the warranty failed of its essential purpose and, lastly that (3) Plaintiffs failed to give the requisite pre-suit notice.

The express warranty claims of the seven new Plaintiffs who assert such claims fail because none of these Plaintiffs allege that they sought a repair during the applicable 3-year/36,000 mile warranty period. Consumers are entitled to Ford-paid repairs for a period of three years or 36,000 miles, whichever occurs earlier. ECF No. 35-2, 35-3. All of the new Plaintiffs fail to allege that they sought repairs prior to the expiration of the warranty period. See ECF No. 52, PageID.1602-03,1611,1613-15, 1618 (Sanchez sought a repair at 59,000 miles, Ginsberg sought a repair at 39,622 miles, Adams sought a repair at 74,403 miles, Groce sought a repair at 65,000 miles, Epperson sought a repair at 46,000 miles, Gollett sought a repair at 48,000 miles and Willburn sought a repair at 73,000 miles. *See Regents of Univ. of Colo. ex rel Univ. of Colo. at Boulder v. Harbert Const. Co.*, 51 P.3d 1037, 1041 (Colo. App. 2001) ("[P]laintiffs' express warranty claim was untimely because the warranty provided in the contract had expired"); *Gulash v. Stylarama, Inc.*, 364 A.2d 1221, 1225 (Conn. Com. Pl. 1975); *Chiarelli v. Nissan N. Am., Inc.*, 2015 WL 5686507, at *6 (E.D.N.Y. Sep. 25, 2015) ("[A]n express warranty does not cover repairs made after the applicable time or mileage periods have elapsed." (internal citations omitted); *Cohan v. Pella Corp.*, 2015 WL 6465639, at *11 (D.S.C. Oct. 26, 2015); *Raymond v. Rahme*, 78 S.W.3d 552, 563 (Tex. App. 2002); *Waters v. Electrolux Home Prod., Inc.,* 154 F. Supp.3d 340, 350 (N.D. W.Va. 2015).

Plaintiffs respond by arguing that the warranty fails of its essential purpose. While this argument has already been rejected by this Court, the Court's decision was based upon Alabama Plaintiff Weidman's and Texas Plaintiff Perry's inability to rely on the decision of *Benkle v. Ford Motor Co.*, 20178 WL 9486154 (C.D. Cal. Dec. 22, 2017) because that decision was based upon California law. ECF No. 48, PageID.1563. Plaintiffs have come forward with authority from the new Plaintiffs' state laws which support the proposition that a warranty fails of its essential purpose if it deprives the buyer of the substantial benefit of the bargain such as if "the replacement item has the same deficiencies that the buyer complained of." *Scott v. Honeywell Int'l Inc.*, 2016 WL 1077264, at *4 (D. Conn. Mar. 18, 2016); *Beech Aircraft Corp. v. Flexible Tubing Corp.*, 270 F. Supp. 548, 564 (D. Conn. 1967). Plaintiffs allege in the FACCAC that Defendant's replacement parts suffer from the same defect as the original parts, compromising vehicle reliability and driver safety, thus Plaintiffs have been deprived of a substantial benefit of their bargain.

However, Defendants also argue that the new Plaintiffs' express warranty claims fail because none of them have alleged that they provided Defendant with the individualized pre-suit notice required by the applicable states' laws. Texas Plaintiffs Epperson and Gollott's claims require dismissal because they rely on the same inadequate notice that this Court already rejected for Texas Plaintiff Perry.

*Id.*, PageID.1563-64. New Plaintiffs Sanchez's, Ginsberg's, Adams's, Groce's and Willburn's claims are likewise deficient because none alleges that they ever notified a dealership or Defendant of the alleged breach of the limited warranty. The FACCAC merely alleges that Weidman and Naasz, Plaintiffs from Alabama and California, provided Ford with notice of the alleged defect "on behalf of the other Class members." However, notice is inadequate if it is provided by someone other than the Plaintiff. *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("Plaintiff was required to inform Defendant, within a reasonable time, of the alleged breach involving his own purchase."); *Zeigler v. Sony Corp., of Am.*, 849 A.2d 19, 24 (Conn. Super. Ct. 2004) ("[T]he plaintiff, as well as the other class members, is required to give individualized notice . . . of this plaintiff's claim . . ."); *White v. Miss. Order Buyers, Inc.*, 648 P.2d 682, 684 (Colo. App. 1982); *Sandviks v. PhD Fitness, LLC*, 2018 WL 1393745, at *3 (D.S.C. Mar. 20, 2018); *Hill v. Joseph T. Ryerson & Son, Inc.,* 268 S.E.2d 296, 305 (W. Va. 1980).

For all of these reasons, Counts 8, 13, 36, 41, and 46 are also dismissed.

### C. Implied Warranty of Merchantability Claims

#### 1. Plaintiffs Weidman, Burton, Perry and Naasz

This Court has already dismissed the implied warranty of merchantability claims as to Weidman, Burton, Perry and Naasz in its prior decision. Similar to the

previously dismissed express warranty claims, these implied warranty of merchantability claims were dismissed with prejudice, and Plaintiffs may not reassert them. *Layer-Rosario,* 2018 U.S. App. LEXIS 554; *Semtek,* 531 U.S. at 505-06. Even if the Court's decision was not a merits-based decision, these claims are still deficient due to lack of pre-suit notice, lack of privity and lack of any allegations that the vehicles are inoperable or unusable. Counts 4, 21, 26 and 32 are dismissed.

### 2. New Plaintiffs

Similar to the dismissed claims asserted by the original Plaintiffs, all of the implied warranty of merchantability claims asserted by the new Plaintiffs (Sanchez (CO), Ginsberg (CT), Cobb, Huff (GA), Epperson, Gollott (TX), Leandro, Bonasera, Thuotte (CA), Adams (NY), Groce (SC), WIllburn (W. Va.), and Taurianen (MI)) fail because the FACCAC lacks factual allegations that the alleged master cylinder defect renders their vehicles unmerchantable. This Court previously held that, where a plaintiff "does not allege his [or her] vehicle cannot brake nor that he [or she] is unable to use his vehicle," any "implied warranty claims fail for this reason." ECF No. 48, PageID.1568. None of the new Plaintiffs allege that their vehicle cannot brake nor that he or she cannot use his or her vehicle. Only Thuotte alleges experiencing any further problems with his vehicle, however he fails to allege that these problems were related to the master cylinder.

While he alleges that he traded-in his 2016 F-150, he does not claim that he did so because the vehicle could not brake or that he was unable to use it. Rather, he claims only that he did so because he was unhappy. ECF No. 52, PageID.1600-01.

Dismissal of all of the implied warranty claims is required pursuant to this Court's prior ruling. ECF No. 48, PageID.1568. *Beck v. FCA US, LLC*, 273 F. Supp.3d 735, 762 (E.D. Mich. 2017 ) (dismissing implied warranty claims because "there is no indication in the complaint that, despite the safety concerns, he has actually stopped driving his vehicle."); *Chiarelli,* 2015 WL 5686507, at *8; *Cavanaugh v. Subaru of Am., Inc.*, 2017 WL 2293124, at *4 (Conn. Super. Ct. May 4, 2017); *Love v. Mercedes Benz of N.Am., Inc.*, 103 F.3d 118 (4th Cir. 1996) ("As to any implied warranty of merchantability, the E320 was in compliance because it was at all times fit and used for its ordinary purpose—transportation.") *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 588 (7th Cir. 2001) (affirming dismissal of an Illinois implied warranty claim when Plaintiff claimed the car was "dangerous to drive" but "his actions belie[d]" that allegation because he continued to drive the car); *Sheris v. Nissan N. Am. Inc.*, 2008 WL 2354908, at *6 (D.N.J. Jun. 3, 2008) ("The weight of authority, from courts across the country, indicates that plaintiffs may not recover for breach of the implied warranty of merchantability . . . where plaintiffs have driven their cars without problems for years.")

The implied warranty claims of Plaintiffs Ginsberg and Adams also fail because privity between the buyer and seller of a vehicle is required under the laws of both states. *Kah v. Volkswagen of Am., Inc.*, 2008 WL 590469, at *8 (Conn. Super. Ct. Feb. 13, 2008) (agreeing "that Connecticut law has maintained a privity requirement that prevents parties who are not in contractual privity with the warrantor from enforcing any implied warranty."); *Rosenthal v. Ford Motor Co.*, 462 F. Supp.2d 296, 309 (D. Conn. 2006); *Gordon v. Ford Motor Co.*, 657 N.Y.S.2d 43 (1997). Because these Plaintiffs purchased their vehicles from a dealership, they cannot establish privity as a matter of law and their claims are subject to dismissal on this additional basis.

Lastly, the implied warranty claims of Sanchez, Ginsberg, Epperson, Gollott, Adams, Groce, and Willburn also fail for the reason that they do not allege they provided Defendant with the requisite pre-suit notice of an alleged breach of warranty. *Thunder Mountain Custom Cycles, Inc. v. Thiessen*, 2008 WL 618898, at *18 (D. Colo. Mar. 5, 2008); *Zeigler*, 849 A.2d at 24; *Martin v. Home Depot, U.S.A., Inc.*, 369 F. Supp. 2d 887, 893 (W.D. Tex. 2005); *Hubbard v. General Motors Corp.*, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996); *Sandviks*, 2018 WL 1393745, at *3; *Hill*, 268 S.E.2d at 303.

Counts 4, 9, 14, 21, 26, 31, 32, 37, 42, 47, and 51 are dismissed.

### D. Magnuson Moss Warranty Act Claims

Because Plaintiffs have failed to allege any viable warranty claims under the applicable states' laws, their MMWA claim fails. *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 593 (C.D. Cal. 2008). Count I is dismissed.

### E. Fraud-Based Claims

#### 1. Pre-Suit Notice

Defendant argues that the statutory fraud claims brought by Plaintiff Wilburn (West Virginia) and Plaintiffs Burton, Huff and Cobb (Georgia) must be dismissed because they failed to submit a demand letter prior to filing this action as required by West Virginia's and Georgia's fair business practice laws.

The Court has already concluded that original Georgia Plaintiff Burton satisfied the Georgia Fair Business Practices Act's notice requirement because Georgia law permits notice from one consumer expressing intent to bring representative claims on behalf of all putative claimants, named or otherwise. ECF No. 48, PageID.1571-72. As such, the Court held that Plaintiff Burton was entitled to rely on Plaintiff Weidman's demand letter to satisfy Georgia's notice requirement. *Id.*; *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1292 (N.D. Ga. 2018) (holding that plaintiff who did not send separate demand letter could "rely on the pre-suit demand sent by" another plaintiff individually and "on behalf of all others similarly situated."); *Schorr v. Countrywide Home Loans, Inc.*,

697 S.E.2d 827, 829 (Ga. 2010) (demand from named plaintiffs satisfies FBPA requirement for unnamed class members); *In re Arby's Rest. Grp. Inc. Litig.*, No. 1:17-cv-0514-AT, 1:17-cv-1035-AT, 1:17-mi-55555, 2018 WL 2128441 at *19 (N.D. Ga. Mar. 5, 2018) (permitting one plaintiff to "rely on the pre-suit demand" sent by other plaintiffs on behalf of "all others similarly situated."). Therefore, Defendant is not entitled to dismissal of the Georgia Plaintiffs' (Burton, Cobb and Huff) fair business practices act claim based on a failure to provide pre-suit notice.

Plaintiff Willburn has sent Ford notice in writing and by certified mail of the alleged violation and a ten-day window to cure as required by the West Virginia Consumer Credit and Protection Act. *See* W. Va Code § 46A-6-106(c) (requiring that a consumer provide the seller twenty days from receipt of the notice of violation but ten days in the case a cause of action has already been filed to make a cure offer); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-2836, 2019 WL 1397228, at *34 (E.D. Va. Feb. 6, 2019) ("Defendants characterization of the notice provision as a rigid pre-suit requirement ignores the language added by the 2015 amendment that explicitly contemplates post-filing demand letters.")

As such, Counts 20 and 45 are not subject to dismissal based on a failure to provide pre-suit notice.

### 2. Ford's Knowledge of the Alleged Defect

Defendant also argues that Plaintiffs Bonasera's (CA) and Cobb's (GA) statutory consumer protection and common-law fraudulent concealment require that Ford had knowledge of a material fact and was under a duty to disclose it. Defendant further maintains that the only allegation predating June 2015 is a conclusory allegation that "[u]pon information and belief" Ford had knowledge of the defect in 2011. However, Defendant argues that the earliest factual allegations involve Ford internal documents from June of 2015. Thus, Defendant asserts that the FACCAC lacks factual allegations of Ford's knowledge in 2014 when Plaintiffs Bonasera and Cobb apparently purchased their vehicles.

Here, the FACCAC alleges that Ford knew of the Brake System Defect since 2011 or earlier. *See* ECF No. 52, PageID.1626. This Court previously held that the Plaintiffs' allegations show that Ford had pre-sale knowledge of the defect through "pre-release evaluation and testing; repair data, replacement parts sales data; early consumer complaints made directly to Ford, collected by NHTSA, testing done in response to those complaints, aggregate data from Ford dealers; and other internal sources." ECF No.48, PageID.1572. The same knowledge allegations of Bonasera and Cobb are likewise sufficient. Defendant is not entitled to dismissal of these fraud-based claims based on a failure to allege Ford's pre-suit knowledge of the master cylinder defect.

Lastly, Defendant reasserts its argument that the economic loss doctrine bars Florida fraudulent omission claims. The Court has already rejected this argument and this holding is the law of the case. Defendant acknowledges that other federal courts have reached the same conclusion as this Court with respect to the issue and Ford fails to identify any binding precedent that would compel the Court to alter its previous ruling.

### F. Unjust Enrichment Claims

This Court previously dismissed the original Plaintiffs' unjust enrichment claims under Alabama, California, Florida, Georgia and Texas law. ECF No. 48, PageID.1574. Plaintiffs have reasserted these claims only to preserve them for appeal. However, Plaintiffs have alleged identical unjust enrichment claims in five new states (CO, CT, NY, SC and WV). These claims are also subject to dismissal because Ford's limited warranty covers the same subject matter as these unjust enrichment claims and the warranty claims offer an adequate remedy at law. *Interbank Invs., LLC v. Eagle River water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003); *Richards v. Direct Energy Servs.*, LLC, 915 F.3d 88, 105 (2d Cir. 2019); *Eldeco, Inc. v. LPS Constr. Co.*, 2009 WL 4586003, at *5 (D.S.C. Dec. 1, 2009); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Ash v. Allstate Ins*. Co., 2013 WL 5676774, at *5 (W. Va. Oct. 18, 2013). Counts 6, 11, 16, 19, 23, 28, 34, 39, 44 and 49 are likewise dismissed.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss First Amended Consolidated Class Action Complaint [#52] is GRANTED IN PART and DENIED IN PART.

Counts 1, 3-4, 6, 8-9, 11, 13-14, 16, 19, 21, 23, 25-26, 28, 31-32, 34, 36-37, 39, 41-42, 44, 46-47, 49 and 51 are dismissed.

SO ORDERED.

Dated: February 11, 2020　　　　　　　　　/s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 11, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager