## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| PAUL WEIDMAN, *et al.*; | Case No. 2:18-CV-12719-GAD-EAS |
| Plaintiffs, | Honorable Gershwin A. Drain |
| v. | Magistrate Elizabeth A. Stafford |
| FORD MOTOR COMPANY, | |
| Defendant. | |

### <u>PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER</u>

Plaintiffs, for the reasons stated below, respectfully request that the Court resolve the Parties' discovery impasse and enter Plaintiffs' proposed protective order so that discovery in this case can proceed.

This Motion is based on the accompanying Brief in Support and supporting authority and documents, as well as any further submissions or argument that may be submitted to the Court. Pursuant to E.D. Mich. L.R. 7.1(a), Plaintiffs' counsel sought concurrence in the relief requested in this motion. Throughout the Parties' negotiations, and most recently on December 18, 2020, Plaintiffs' counsel explained the nature of the Motion but did not obtain concurrence from Defendant Ford in the

relief sought.

WHEREFORE, based upon the foregoing and the accompanying Brief in Support of this Motion, Plaintiffs respectfully request that the Court enter Plaintiffs' proposed protective order, attached as Exhibit A.


Dated:  December 21, 2020                 By: /s/ *Sharon S. Almonrode*
                                          E. Powell Miller (P39487)
                                          Sharon S. Almonrode (P33938)
                                          Dennis A. Lienhardt (P81118)
                                          THE MILLER LAW FIRM PC
                                          950 West University Drive,
                                          Rochester, Michigan 48307
                                          (248) 841-2200
                                          epm@millerlawpc.com
                                          ssa@millerlawpc.com
                                          dal@millerlawpc.com

                                          Melvin Butch Hollowell, Jr. (P37834)
                                          THE MILLER LAW FIRM PC
                                          1001 Woodward Avenue, Suite 850
                                          Detroit, Michigan 48226
                                          (313) 483-0880
                                          mbh@millerlawpc.com

                                          W. Daniel "Dee" Miles, III
                                          H. Clay Barnett, III
                                          J. Mitch Williams
                                          BEASLEY, ALLEN, CROW, METHVIN,
                                            PORTIS & MILES, P.C.
                                          272 Commerce Street
                                          Montgomery, Alabama 36104
                                          (334) 269-2343
                                          dee.miles@beasleyallen.com
                                          clay.barnett@beasleyallen.com
                                          mitch.williams@beasleyallen.com

Adam J. Levitt
John E. Tangren
DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dicellolevitt.com
jtangren@ dicellolevitt.com

Jonathan D. Selbin
Annika K. Martin
LIEFF CABRASER HEIMANN
  BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
(212) 355-9500
jselbin@lchb.com
akmartin@lchb.com

Mark P. Chalos
LIEFF CABRASER HEIMANN
  BERNSTEIN, LLP
222 2nd Ave S, Suite 1640
Nashville, Tennessee  37201-2379
(615) 313-9000
mchalos@lchb.com

Evan J. Ballan
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111
(415) 956-1000
eballan@lchb.com

*Interim Co-Lead Class Counsel*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAUL WEIDMAN, *et al.*;

      Plaintiffs,

      v.

FORD MOTOR COMPANY,

      Defendant.

Case No. 2:18-CV-12719-GAD-EAS

Honorable Gershwin A. Drain

Magistrate Elizabeth A. Stafford

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER

## **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED ....................................................3

TABLE OF AUTHORITIES ................................................................................4

MOST CONTROLLING OR APPROPRIATE AUTHORITIES ...........................5

BACKGROUND ..................................................................................................8

ARGUMENT......................................................................................................11

I.      LEGAL STANDARD...............................................................................11

II.     REMAINING DISPUTED ISSUES..........................................................12

III.    PLAINTIFFS SHOULD BE ABLE TO SHOW PROTECTED
        DISCOVERY MATERIAL TO WITNESSES AND POTENTIAL
        WITNESSES WITH RELEVANT KNOWLEDGE ON A LIMITED
        BASIS......................................................................................................12

IV.     FORD SHOULD NOT BE PERMITTED TO UNILATERALLY
        REDACT RESPONSIVE DOCUMENTS FOR RELEVANCE.................15

V.      THE PARTIES SHOULD FOLLOW THE LOCAL RULES
        REGARDING SEALING PROCEDURES.................................................18

CONCLUSION ..................................................................................................21

## STATEMENT OF THE ISSUES PRESENTED

(1)    Should this Court enter Plaintiffs' Proposed Protective Order, which would include adopting Plaintiffs' proposals for:

> (a) sub-Paragraphs 7(g)-7(h), which track the language this Court ordered the parties to adopt in the *Gamboa* case, a similar consumer class action against Ford in which the Parties thoroughly briefed and litigated similar discovery issues?

> (b) Paragraph 14, which tracks the language on relevance redactions from the *Gamboa* order?

> (c) Paragraph 16, which directs the Parties to follow Local Rule 5.3 regarding the filing of sealed material in this case?

Plaintiffs respectfully submit that the answer to each of the above questions should be "yes."

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bartholomew v. Avalon Capital Grp., Inc.*,
   278 F.R.D. 441 (D. Minn. 2011) ....................................................................16

*Beverage Distributors, Inc. v. Miller Brewing Co.*,
   No. 2:08-CV-1112, 2010 WL 1727640 (S.D. Ohio Apr. 28, 2010) ...................17

*Burris v. Versa Prod., Inc.*,
   No. CIV. 07-3938 JRT/JJK, 2013 WL 608742 (D. Minn. Feb. 19, 2013)..........16

*Gamboa v. Ford Motor Co.*,
   No. 18-CV-10106-DPH-EAS, ECF No. 151 (December 16, 2019) ............*passim*

*In re Nat'l Prescription Opiate Litig.*,
   927 F.3d 919, 941 (6th Cir. 2019) ..................................................................12

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*,
   No. 3:15-md-02672-CRB (N.D. Cal. Feb. 25, 2016) .........................................13

*In re: Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, and Prods. Liab.*
   *Litig.*, No. 3:17-md-02777-EMC (N.D. Cal. Aug. 31, 2017) .............................13

*Kenny v. Cnty. of* Suffolk,
   No. CV 05-6112, 2008 WL 4936856 (E.D.N.Y. Nov. 17, 2008) ....................... 9

*Melchior v. Hilite Int'l, Inc.*,
   No. 13-50177, 2013 WL 2238754 (E.D. Mich. May 21, 2013) .........................16

*Petter Invs., Inc. v. Hydro Eng'g, Inc.*,
   No. 1:07-CV-1033, 2009 WL 2175765 (W.D. Mich. July 21, 2009).................. 9

*Salser v. Dyncorp Int'l, Inc.*
   No. 12-10960, 2014 WL 7139886 (E.D. Mich. Dec. 12, 2014) .........................16

*Water v. Johnson and Johnson Co.*,
   No. 2:09-cv-00473, 2011 WL 798092 (S.D. Ohio Feb. 28, 2011) ..................... 9

**Rules**

E.D. Mich. L.R. 7.1(a) .................................................................................... 1

Fed. R. Civ. P. 26(c)(1)....................................................................................12

Local Rule 5.3................................................................................................*passim*

Local Rule 7.1(e)(2)(C).....................................................................................20

## MOST CONTROLLING OR APPROPRIATE AUTHORITIES

(1)  *Gamboa v. Ford Motor Co.*, No. 18-CV-10106-DPH-EAS, ECF No. 151 (December 16, 2019) (Stafford, J.)

(2)  *Melchior v. Hilite Int'l, Inc.*, No. 13-50177, 2013 WL 2238754 (E.D. Mich. May 21, 2013)

(3)  *Beverage Distributors, Inc. v. Miller Brewing Co.*, No. 2:08-CV-1112, 2010 WL 1727640 (S.D. Ohio Apr. 28, 2010)

(4)  *Salser v. Dyncorp Int'l, Inc.*, No. 12-10960, 2014 WL 7139886 (E.D. Mich. Dec. 12, 2014)

(5)  *Burris v. Versa Prod., Inc.*, No. CIV. 07-3938 JRT/JJK, 2013 WL 608742 (D. Minn. Feb. 19, 2013)

(6)  *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441 (D. Minn. 2011)

(7)  E.D. Mich. Local Rule 5.3.

# **INTRODUCTION**

As the close of discovery fast approaches, and after months of delay by Ford,[1] Plaintiffs have not yet received the vast majority of documents they requested in their September 11, 2020 First Set of Requests for Production.[2] This is because Ford refuses to enter into a reasonable protective order that it already agreed upon in a different case in this District before Judge Stafford.

Three simple issues remain outstanding, but Ford is unwilling to compromise, notwithstanding (or perhaps because of), the looming expert and fact discovery cutoff deadlines. These outstanding issues are:

(1) the categories of individuals who may access confidential discovery material;

(2) the extent to which Ford can redact information it unilaterally considers irrelevant in otherwise responsive documents; and

(3) the process by which the Parties may file confidential information with the Court.

---

[1] These delays should not only be attributed to COVID, but also to a change in Ford's designated "discovery" counsel in the midst of protective order and ESI protocol negotiations.

[2] Plaintiffs have also filed a Motion to Compel Discovery (ECF No. 85). As explained therein, Ford has failed to produce *any* reports, analyses, electronic communications, or warranty data. Specifically, Plaintiffs cite to over three dozen requests in which Ford has failed to produce any responsive documents. ECF No. 85 at PageID.3376-3421.

Since this Court entered its order on Ford's second Motion to Dismiss on February 11, 2020 (ECF No. 59), Ford has only produced 1,031 documents and those are documents generally in the public domain. Ford's production is severely limited because Ford refuses to produce anything it considers to be "confidential" until the Court has entered a protective order. The issue is particularly acute now, with the current expert discovery deadline fast approaching, *see* ECF No. 78, and a deposition scheduled for December 22.

Plaintiffs have worked consistently, in good faith, for many months to negotiate such a protective order, to no avail. After Ford's initial delays, and in the midst of those discussions, Ford brought in new "discovery counsel" for the sole purpose of addressing discovery matters. This change of discovery counsel impeded the Parties' forward progress as Ford's new "discovery counsel" claimed the need for extra time to get up to speed.

Notwithstanding Plaintiffs' good faith attempts to negotiate and avoid bringing the terms of a protective order—which parties should be able to negotiate and reach agreement on without requiring court supervision or resources—to the Court for resolution, three disputed issues remain. For two of those issues, Plaintiffs' position is that the protective order should track language Judge Stafford has already entered in *Gamboa v. Ford Motor Co.*, No. 18-CV-10106-DPH-EAS, another

automotive defect class action pending before Judge Hood. [3] In *Gamboa*, the parties thoroughly briefed and argued many of the same disputes, which Judge Stafford resolved after careful consideration. On the third issue, Plaintiffs' position is that the Local Rule should apply. With the Parties at an impasse and the discovery cutoff fast approaching, Plaintiffs respectfully request that the Court enter Plaintiffs' proposed protective order so that discovery can proceed unhindered.

## <u>BACKGROUND</u>

Discovery in this case began on March 9, 2020. ECF No. 65. Since then, Plaintiffs and Ford have engaged in extensive negotiations to enter into an agreeable protective order and ESI protocol. [4] Throughout March and April, the parties engaged in multiple correspondence and meet-and-confers regarding revisions to the proposed protective order. *See* ECF No. 78-2 (Apr. 17, 2020 Email from J. Southerland). Throughout these discussions, it has been Plaintiffs' position that the Parties could (and should) simply adhere to many of the provisions in the entered protective order in *Gamboa*, which already reflects a compromise following months of adversarial negotiation and motion practice between Ford and plaintiffs in that case. Ford has largely resisted these efforts, and instead delayed the negotiations by

---

[3] A copy of the *Gamboa* Court's order regarding the Parties' protective order dispute is attached as Exhibit C. A copy of the Parties' final, entered protective order in *Gamboa* is attached as Exhibit D.

[4] This motion only concerns the protective order. The Parties are continuing to meet and confer to determine whether they will be able to reach agreement on an ESI protocol.

attempting to relitigate issues disputed (and resolved) in *Gamboa*.

Ford further delayed the discovery process when it substituted its discovery counsel in the middle of the Parties' meet and confer efforts and then asserted that its new counsel required additional time to get up to speed on the issues. Obtaining new counsel, however, is not a valid excuse for delay. *See, e.g.*, *Water v. Johnson and Johnson Co.*, No. 2:09-cv-00473, 2011 WL 798092, at *3 (S.D. Ohio Feb. 28, 2011); *Petter Invs., Inc. v. Hydro Eng'g, Inc.*, No. 1:07-CV-1033, 2009 WL 2175765, at *2 (W.D. Mich. July 21, 2009) ("[N]ew counsel's disagreement with strategic decisions made by [] previously counsel is not good cause to reopen discovery or extend various deadlines . . . ."); *Kenny v. Cnty. of* Suffolk, No. CV 05-6112, 2008 WL 4936856, at *1 (E.D.N.Y. Nov. 17, 2008) ("incoming counsel is bound by the actions of his or her predecessor, and to hold otherwise would allow parties to create good cause simply by switching counsel.") (internal quotation omitted). The Parties have since exchanged a series of drafts of a protective order and participated in dozens of email and telephone exchanges in an attempt to resolve their disagreements.

Although the Parties narrowed the areas of dispute (in part via significant concessions made by Plaintiffs in good faith and the spirit of compromise), three areas of dispute remain. On December 18, 2020, in a discussion concerning the upcoming deposition of Ford employee Mark Tuneff scheduled for December 22,

2020,[5] Ford informed Plaintiffs that it was withholding all documents it designated "Confidential" or higher unless the Parties could reach agreement on a protective order.

On that same day, December 18, 2020, Plaintiffs explained to Ford that the remaining issues in the protective order would not be implicated by the Tuneff deposition and thus was not a valid basis for withholding the production of documents; and, in an effort to compromise, made a final offer on the remaining terms of the protective order. Plaintiffs explained in an email to Ford that

> nothing about the limited remaining points of dispute on this Protective Order should prevent Ford from immediately producing all the documents it currently is withholding on the ground that no Protective Order has been entered in this case. The remaining areas of dispute concern solely subsections (g) and (h) concerning who Protected Documents may be shown to, and filing under seal – the Parties are in agreement on all other provisions of the Protective Order. Accordingly, we hereby confirm that Plaintiffs will treat all Designated materials as if the Protective Order agreed on by the parties had been entered by the Court, and that as to the disputed sections, Plaintiffs will not show any Designated materials to anyone listed in either party's version of subsections (g) and (h), nor will they seek to file any Designated materials under seal, until a Protective Order is entered in this case. This confirmation leaves no valid basis for Ford to continue withholding documents, particularly in light of the deposition rapidly approaching on Tuesday.

---

[5] The timing of this deposition is necessitated by Ford's refusal to agree to Plaintiffs' request to extend the expert report deadlines, *see* ECF No. 82. Ford has put Plaintiffs in the untenable position of having to take this deposition with a materially incomplete production, but given the currently impending expert disclosure deadline, Plaintiffs must go forward Tuesday while reserving the right to re-convene the Tuneff deposition after Ford makes a fulsome document production.

*See* Exhibit E (Dec. 18, 2020 email from E. Ballan to S. Rozell). Plaintiffs also informed Ford that if Ford could not agree to Plaintiffs' proposed compromise, Plaintiffs would seek relief from the Court. Ford did not reply. This Motion follows.

## ARGUMENT

Plaintiffs are severely prejudiced by Ford's refusal to negotiate a reasonable protective order and to compromise in advance of the impending deposition and deadlines. Ford has taken unfair advantage of the delay that occurred in much litigation throughout this country due to COVID as courts and parties struggled to deal with the impact of the pandemic. Ford has also utilized the meet and confer mandate of Rule 26(c) and LR 7.1 to slow-walk this process by engaging in repetitive hair-splitting meet and confers (a strategy it also utilized in the *Gamboa* matter); and a practice exacerbated by Ford's replacement of counsel. This Court should enter Plaintiffs' proposed protective order so discovery in this case can proceed unhindered. A copy of Plaintiffs' proposed protective order is attached to this motion as Exhibit A. A redline copy showing the differences between Plaintiffs' proposed protective order and the latest draft order proposed by Ford is attached as Exhibit B.

## I.     LEGAL STANDARD

The entry of a protective order is governed by Fed. R. Civ. P. 26(c), under which "a party seeking information is obligated to first try and reach a compromise with the person or entity from which it seeks the information." *In re Nat'l*

*Prescription Opiate Litig.*, 927 F.3d 919, 941 (6th Cir. 2019) (Guy, J., concurring in part). "Failing a compromise, the 'court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1)).

## II.    REMAINING DISPUTED ISSUES

There are three remaining issues on which the Parties disagree: (1) the definition of "Qualified Persons" who may access confidential discovery materials; (2) the permissibility of relevance redactions; and (3) the procedures for filing confidential material with the Court. For each of these, Plaintiffs ask that the order follow either the Local Rules of this District, or this Court's prior ruling in *Gamboa*. The Court and the Parties need not reinvent the wheel—the Local Rules and the *Gamboa* decision provide fair and reasonable terms to complete the protective order.

## III.    PLAINTIFFS SHOULD BE ABLE TO SHOW PROTECTED DISCOVERY MATERIAL TO WITNESSES AND POTENTIAL WITNESSES WITH RELEVANT KNOWLEDGE ON A LIMITED BASIS

Paragraph 7 of Plaintiffs' Proposed Protective Order sets forth the categories of individuals who may access confidential discovery material (referred to as "Qualified Persons" within the order).

### Plaintiffs' Proposed Paragraphs 7(g)-(h)

(g) Custodians, authors, and recipients of the documents.

(h) When reasonably necessary, a deponent or testifying witness,

former employee of a Party, or other potential deponent or witness who is already familiar with or reasonably expected to know the information reflected in the Discovery Material, as demonstrated by the fact that: (i) he or she was identified in the course of discovery as having previously received or having knowledge of (a) that designated material, (b) information contained in it, or, (c) in the case of material concerning a meeting, telephone call, or other communication, as having participated in such meeting, call, or communication; or (ii) the Discovery Material makes specific reference to the conduct or statement of the deponent or testifying witness. Further, such Protected Documents may be shown to the persons described in this subsection only for a reasonable length of time sufficient to determine whether the person is familiar with, has previously seen, or has knowledge of the underlying information contained in the Protected Document. In addition, such persons may not retain copies of Protected Documents unless permitted by other provisions of this Protective Order.

Plaintiffs' proposed language is directly based on this Court's ruling in the *Gamboa* case. *See Gamboa*, 2:18-cv-10106-DPH-EAS, ECF Nos. 141, 151, 157. Additionally, other courts overseeing consumer class actions against car manufacturers have ruled similarly. *See, e.g.*, *In re: Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 3:17-md-02777-EMC (N.D. Cal. Aug. 31, 2017), ECF No. 212 at ¶ 7.2.1.(c) (allowing disclosure to "Potential or actual witnesses in this Action to whom disclosure is reasonably necessary.") (attached as Exhibit F); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.,* No. 3:15-md-02672-CRB (N.D. Cal. Feb. 25, 2016), ECF No. 1255 ¶ 7.2.8 (same) (attached as Exhibit G). Plaintiffs' proposed language, like that in *Gamboa*, requires non-testifying witnesses to agree to be bound by the

protective order and limits access to individuals already familiar with or with knowledge of the information reflected in the confidential document. No further limitation is necessary.

While Plaintiffs have agreed to Defendants' various proposals to narrowly tailor these categories, Defendants' proposal unreasonably and unjustifiably limits Qualified Persons:

**Ford's Proposed Paragraphs 7(g)-(h)**

(g) Custodians, authors and recipients of the documents, if they are current Ford employees and the documents at issue are Ford documents.

(h) After meeting and conferring with the producing/designating party, other potential deponents or witnesses, if the parties agree.

In contrast to Plaintiffs' language, Ford's proposal is overly restrictive and unworkable for several reasons, including that it prevents Plaintiffs from showing confidential documents to persons who are no longer current Ford employees—*even if they are the custodian, author, or recipient of the document*, and therefore already privy to its contents. There is no basis for such a burdensome restriction, which would impede Plaintiffs' ability to conduct discovery and prosecute their case, and lead to absurd results.

Plaintiffs' proposal, like the *Gamboa* order from which it is derived, strikes the appropriate balance by allowing actual and potential witnesses to view

-14-

confidential documents if they are already familiar with the document or have reason to know the information in it. Plaintiffs' proposal is fair, straightforward, and consistent with the past practice of this and other courts.

## IV.   FORD SHOULD NOT BE PERMITTED TO UNILATERALLY REDACT RESPONSIVE DOCUMENTS FOR RELEVANCE

Ford again attempts to relitigate an issue it lost in *Gamboa* by insisting that it be able to redact supposedly irrelevant information from responsive documents. Although the Federal Rules and relevant case law make clear that relevancy redactions are impermissible, in the spirit of cooperation Plaintiffs proposed language based on the *Gamboa* case that would allow Ford to make some relevance redactions in certain delineated circumstances. Ford rejected Plaintiffs' suggestion, and instead asks for an unprecedented carve out for relevance redactions with no basis in law.

Indeed, the precise purpose of a protective order with multiple levels of confidentiality designations is to ensure the control of sensitive information. Plaintiffs have already agreed to Ford's request to have separate designations for "Confidential," "Highly Confidential," and "Outside Counsel Only," which allow Ford to severely restrict the individuals who are able to view a particular document depending on the sensitivity of the information contained within each document. With this structure in place, relevance redactions are unnecessary and improper, and requests to permit them are routinely rejected. *See, e.g., Melchior v. Hilite Int'l, Inc.*,

No. 13-50177, 2013 WL 2238754, at *3 (E.D. Mich. May 21, 2013) (Cohn, J.) (defendant's non-party competitor could not "unilaterally redact portions of documents based on relevancy grounds"); *Salser v. Dyncorp Int'l, Inc.*, No. 12-10960, 2014 WL 7139886, at *2-3 (E.D. Mich. Dec. 12, 2014) (Whalen, J.) (citing *Melchior* and noting that context was important for the redacted documents); *Burris v. Versa Prod., Inc.*, No. CIV. 07-3938 JRT/JJK, 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) (finding that "redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure" and "would improperly incentivize parties to hide as much as they dare"); *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request. . . . [I]rrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.").

### Plaintiffs' Proposed Paragraph 14 (in part)

Defendant may redact Highly Confidential information if it is irrelevant under these three criteria: (1) the information is not related in any way to Ford's braking systems, (2) the information involves confidential information of a nonparty that Ford is bound by agreement, order, or law to protect, and (3) it is readily apparent that the information falls within (1) and (2). If it is not readily apparent to Plaintiffs that redacted information is irrelevant under this criteria, the Parties must meet and confer before bringing any dispute under this paragraph to the Court.

**Ford's Proposed Paragraph 14 (in part)**

If Defendant identifies Highly Confidential information that is irrelevant to the claims, defenses, or allegations in this case, Defendant will thereafter, within a reasonable time, meet and confer with Plaintiffs regarding redaction of such material by providing information regarding the reason for the redaction, without disclosing the document or the Highly Confidential Information. If the parties do not agree regarding the treatment of the document, Ford will redact the information and the parties will further confer regarding seeking assistance from the Court for resolution of the dispute.

Plaintiffs' proposal, based largely on the language in *Gamboa*, allows Ford to withhold limited claimed proprietary information under necessary circumstances, but otherwise does not allow Ford to broadly and unilaterally make improper relevance redactions to responsive documents, as Ford seeks to do in this case. *Gamboa*, 2:18-cv-10106-DPH-EAS, ECF No. 151, at 3-4 (citing *Beverage Distributors, Inc. v. Miller Brewing Co.*, No. 2:08-CV-1112, 2010 WL 1727640, at *4-5 (S.D. Ohio Apr. 28, 2010)). Plaintiffs have modified this language to reflect the facts of this case in their proposed paragraph 14.

Ignoring this wealth of authority, Ford nevertheless seeks to grant itself license to make relevance redactions in this case. In response to Plaintiffs' concerns with the impropriety of relevance redactions, Ford added language requiring Ford to meet and confer with Plaintiffs before redacting purportedly irrelevant information

from responsive documents, but that is insufficient because it provides that if the Parties do not agree, Ford can still redact the material, and it is up to Plaintiffs to take the issue to the Court (without being permitted to see what the redacted information is). This "concession" provides another process for delay in producing the discovery that is required in this case. Plaintiffs would be improperly burdened and prejudiced by Ford's approach. In reality, the practical effect of Ford's proposal would allow it to make precisely the sort of relevancy redactions that the Federal Rules and case law do not permit, and that Judge Stafford refused to entertain in *Gamboa*.

Once again, Judge Stafford struck the appropriate balance in *Gamboa* when it considered this very issue. It should reach the same result here.

## V.   THE PARTIES SHOULD FOLLOW THE LOCAL RULES REGARDING SEALING PROCEDURES

Finally, Ford seeks to burden Plaintiffs with unnecessary and unreasonable hurdles they must jump before they can submit a filing containing confidential material to the Court. Ford proposes to put additional requirements on Plaintiffs that are not contemplated in the Local Rules—a convoluted system in which Plaintiffs must provide Ford notice at least 7 business days' notice before filing confidential material. By contrast, Plaintiffs' proposal is simple; the Parties should follow the Local Rule.

**Ford's Proposed Paragraph 16-18**

16. **Filing Protected Material.** All documents or testimony that are filed with the Court that contain any portion of any Protected Documents or Protected Information shall be filed under seal pursuant to Local Civil Rule 5.3

17. **Filing Procedures.** Any party that anticipates filing material that has been designated as Confidential Information, other than the Designating Party, must provide 7 business days written notice regarding any documents or information known or discernable at the time and otherwise as soon as reasonably practicable, to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties will strive to work together using best efforts to provide the required notice as soon as reasonably practicable. The parties then shall comply with E.D. Mich. Local Rule 7.1(a)(1)'s meet-and-confer requirement in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. If an agreement is reached, then the parties may file a joint motion or leave to file under seal in conformance with paragraph 16 above and E.D. of Mich. Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph 16 above and Local Rule 5.3.

18. Judge's courtesy copies of any Protected Documents filed under seal in accordance with L. Civ. R. 5.3 shall be submitted in accordance with Civil Local Rule 83.31(a)(3)(B) in an envelope marked, as appropriate: "CONFIDENTIAL MATERIAL – FILED UNDER SEAL PURSUANT TO LOCAL RULE 5.3" or "CONFIDENTIAL MATERIAL – OUTSIDE COUNSEL ONLY – FILED UNDER SEAL PURSUANT TO LOCAL RULE 5.3." On the outside of the envelope, a copy of the caption page of the applicable pleading must be attached. No protected documents, or any part thereof, may be included in such caption page nor otherwise be revealed on the outside of the envelope. If a Party believes that

Discovery Material designated as Protected Documents cannot or should not be sealed pursuant to the protocols and rules in this Court, including Local Rule 5.3(b) and Local Rule 7.1, the objecting Party may file a response in opposition to any motion to seal.

**Plaintiffs' Proposal:**

16. **Filing Protected Material.** All documents or testimony that are filed with the Court that contain any portion of any Protected Documents or Protected Information shall be filed under seal pursuant to Local Civil Rule 5.3.

Ford's rewriting of Local Rule 5.3 is superfluous, burdensome, and unworkable. For example, Local Rule 7.1(e)(2)(C) provides that for a non-dispositive motion, a party's reply is due "within 7 days after service of the response, but not less than 3 days before oral argument." Under Ford's proposal, Plaintiffs would have to provide Ford notice of any confidential information they intended to include in their reply brief *before Ford even served its response*. Additionally, despite Plaintiffs' best efforts to prepare filings well in advance of their deadlines, the reality is that Plaintiffs will not always be in a position to identify and advise Ford of all documents and material they intend to use more than a week in advance of filing. Given the anticipated volume of discovery in this case, Plaintiffs expect Ford will produce documents on a rolling basis, and, as has happened in other cases, Plaintiffs may not even receive (let alone be able to identify) responsive documents

with sufficient time to provide 7 business days' notice to Ford.

Plaintiffs see no reason here to depart from the reasoned decision of the District to promulgate Local Rule 5.3, which provides appropriate guidance and procedures for filing confidential material with the Court and requires the parties to act in good faith and reasonably, which Plaintiffs certainly intend to do. That said, while Plaintiffs will endeavor to make reasonable efforts to provide Ford with notice of their intent to file confidential material, they should not be unjustifiably prejudiced by the arbitrary and unrealistic deadline Ford seeks to impose. The Court should enter Plaintiffs' Proposed Protective Order, which instructs the Parties to adhere to the Court's Local Rule.

## **CONCLUSION**

Plaintiffs respectfully request that the Court enter Plaintiffs' proposed protective order, attached to this motion as Exhibit A.

Dated: December 21, 2020

By: /s/ *Sharon S. Almonrode*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
THE MILLER LAW FIRM PC
950 West University Drive,
Rochester, Michigan 48307
(248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com

Melvin Butch Hollowell, Jr. (P37834)
THE MILLER LAW FIRM PC

-21-

1001 Woodward Avenue, Suite 850
Detroit, Michigan 48226
(313) 483-0880
mbh@millerlawpc.com

W. Daniel "Dee" Miles, III
H. Clay Barnett, III
J. Mitch Williams
BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
272 Commerce Street
Montgomery, Alabama 36104
(334) 269-2343
dee.miles@beasleyallen.com
clay.barnett@beasleyallen.com
mitch.williams@beasleyallen.com

Adam J. Levitt
John E. Tangren
DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@ dicellolevitt.com
jtangren@ dicellolevitt.com

Jonathan D. Selbin
Annika K. Martin
LIEFF CABRASER HEIMANN
  BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
(212) 355-9500
jselbin@lchb.com
akmartin@lchb.com

Mark P. Chalos
LIEFF CABRASER HEIMANN
  BERNSTEIN, LLP
222 2nd Ave S, Suite 1640

-22-

Nashville, Tennessee  37201-2379
(615) 313-9000
mchalos@lchb.com

Evan J. Ballan
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111
(415) 956-1000
eballan@lchb.com

*Interim Co-Lead Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned herby certifies that on this 21st day of December 2020, a copy of Plaintiffs' Motion for Entry of Protective Order was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Michigan, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

*/s/ Sharon S. Almonrode*
Sharon S. Almonrode