UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL WEIDMAN, *et al.*,

        Plaintiffs,

v.

FORD MOTOR COMPANY,

        Defendant.
_____/

Case No.: 18-12719
Hon. Gershwin A. Drain

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER [#87], GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY [#85], GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION [#96], CANCELLING JANUARY 26, 2021 HEARING, RESETTING OCTOBER 27, 2020 CASE MANAGEMENT ORDER'S DATES, SETTING EXPEDITED BRIEFING SCHEDULE AND SCHEDULING FEBRUARY 3, 2021 HEARING FOR 10:30 A.M. RELATIVE TO PLAINTIFFS' MOTION FOR ENTRY OF ESI PROTOCOL**

## I.  INTRODUCTION

Plaintiffs are purchasers and lessees of 2013 through 2018 Ford F-150 trucks ("Class Vehicles"). Plaintiffs allege Defendant Ford Motor Company was aware of, and failed to disclose, a dangerous defect in the front brake master cylinder of Plaintiff's F-150 trucks.  Presently before the Court are various motions, including: (1) Plaintiffs' Motion to Compel, filed on December 20, 2020, (2) Plaintiffs' Motion for Entry of Protective Order, filed on December 21, 2020, and (3)

Plaintiffs' Motion for Reconsideration, filed on January 7, 2021.[1] These matters are fully briefed, and upon review of the parties' briefs, the Court concludes oral argument will not aid in the disposition of these matters. Accordingly, the Court cancels the January 26, 2021 hearing and will resolve the present motions on the briefs. See E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant all of Plaintiffs' present motions.

## II. FACTUAL BACKGROUND

In their First Amended Consolidated Class Action Complaint, Plaintiffs allege the brake master cylinder in the Class Vehicles contain a defective sealing mechanism that is inadequate to prevent brake fluid from leaking out and into the brake booster and other components such as the reservoir. This defect results in an extremely hazardous situation in which a Class Vehicle's brakes will fail to properly function. In addition to alleging that Defendant knew and failed to disclose the master cylinder defect, Plaintiffs further assert that Defendant's recall was ineffective, both because it failed to cover all Class Vehicles, as well as because the proposed repair does not resolve the issue.

In March of 2020, the Court granted in part and denied in part the Defendant's Motion to Dismiss Plaintiffs' First Amended Consolidated Class

---

[1] On January 15, 2021, Plaintiff filed a Motion for Entry of ESI Protocol. The Court will require an expedited briefing schedule on this motion and will schedule a hearing for February 3, 2021.

Action Complaint. The claims that remain are the Plaintiffs' fraud-based claims. In April of 2020, Defendant sought Plaintiffs' agreement in regard to the entry of a protective order for the production of documents containing Ford's confidential, proprietary and trade secret information. The parties lodge various attacks against each other regarding the delay in reaching an agreement regarding entry of a protective order.

This Court's October 27, 2020 Case Management Order set February 26, 2021 as the discovery cutoff and January 4, 2021 as the deadline for expert reports. On September 11, 2020, Plaintiffs served their First Set of Requests for Production of Documents on Defendant. Plaintiffs served 61 Requests to Produce, which included 37 subparts, as well as served 8 Interrogatories. On October 26, 2020, Defendant served its Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents. Plaintiffs assert that Defendants have yet to produce any documents responsive to Plaintiffs' Requests to Produce Nos. 2-6, 8-10, 12-15, 20-39, 42-43,[2] 46-48, and 56-59, which seek reports, analyses, electronic communications and warranty data. Plaintiffs further complain that Defendant has failed to fully respond to Plaintiffs' Interrogatory Request No. 2. Defendant counters that it timely responded to each and every discovery request, along with

---

[2] In Plaintiffs' final paragraph in their Motion to Compel, Plaintiffs ask for an Order compelling the production of documents responsive to Request to Produce No. 44. *See* ECF No. 85, PageID.3443. This appears to be in error.

3

asserting objections as to why Plaintiffs' requests were otherwise overly broad, unduly burdensome, or sought irrelevant information. Defendant argues that it has not produced the documents responsive to Plaintiffs' discovery requests at issue herein because of the failure of the parties to reach an agreement concerning the proposed protective order's language.

On December 8, 2020, Plaintiffs filed a Motion to extend the expert deadline cutoff for a period of 90 days due to the Defendant's outstanding discovery production. On January 4, 2021, the Court granted Plaintiffs' Motion to extend in part and extended the expert report deadline to January 18, 2021. Because Defendant has failed to fully respond to Plaintiffs' discovery requests, Plaintiffs moved for reconsideration of this Court's order granting a short extension to the expert report deadline on January 7, 2021.

### III. LAW & ANALYSIS

#### A. **Plaintiff's Motion for Entry of a Protective Order**

The parties agree that entry of a protective order is appropriate in order to protect the production of confidential and trade secret information. However, the parties have reached an impasse concerning three issues. Specifically, the parties cannot agree on the categories of individuals who may access Ford's confidential information, the right of Ford to unilaterally redact information it deems "completely irrelevant Highly Confidential Information unrelated to the claims,

defenses, or allegations at issue in this case," and finally, the process by which the parties may file confidential information with the Court. ECF No. 87, PageID.3682.

### 1. Definition of "Qualified Persons"

Plaintiff seeks to include in the definition of qualified persons who may access confidential discovery material in subparts (g) and (h) of the proposed protective order's paragraph number 7 as follows:

> g. Custodians, authors and recipients of the documents.
>
> h. When reasonably necessary, a deponent or testifying witness, former employee of a Party, or other potential deponent or witness who is already familiar with or reasonably expected to know the information reflected in the Discovery Material, as demonstrated by the fact that: (i) he or she was identified in the course of discovery as having previously received or having knowledge of (a) the designated material, (b) information contained in it, or, (c) in the case of material concerning a meeting, telephone call, or other communication, as having participated in such meeting, call, or communication; or (ii) the Discovery Material makes specific reference to the conduct or statement of the deponent or testifying witness. Further, such Protected Documents may be shown to the persons described in this subsection only for a reasonable length of time sufficient to determine whether the person is familiar with, has previously seen, or has knowledge of the underlying information contained in the Protected Document. In addition, such persons may not retain copies of the Protected Documents unless permitted by other provisions of this Protective Order.

ECF No. 87, PageID. 3709-10.

Conversely, Defendant's proposed paragraph 7(g) and 7(h) limit "qualified persons" to "[a]uthors and recipients of the documents" or "[a]fter meeting and

5

conferring with the Producing/Designating Party, other potential deponents or witnesses, if the Parties agree." ECF No. 93, PageID.3915.

Here, Plaintiffs' proposed language is based upon the Court's decision in a similar case involving a putative class of consumers alleging malfeasance against Ford Motor Company concerning a different class of vehicles. *See Gamboa v. Ford Motor Company*, No. 18-cv-10106, ECF Nos. 151, 157. Defendant's argument that Plaintiffs seek to disclose confidential information to "any potential deponent or witness," is disingenuous because Defendant eliminates critical language in Plaintiff's proposal; language which confines disclosure of confidential information to someone other than a custodian, author or recipient only when "reasonably necessary" and when said witness "is already familiar with or reasonably expected to know the information reflected in the [d]iscovery material." ECF No. 87, PageID.3709.

Ford's proposed language is overly restrictive. It only allows authors and recipients of the documents to view them and requires Ford's agreement to allow other potential witnesses to review the documents. Such a provision is unduly burdensome to Plaintiffs. Plaintiffs' proposed language is narrowly tailored and permits disclosure under limited circumstances. In addition to the limitation that the disclosure be "reasonably necessary" and made to witnesses who are "already familiar or reasonably expected to know the information" disclosed, the document

6

will only be shown for a duration of time sufficient to determine whether he or she is familiar with it, and none of these witnesses may keep copies of the documents unless permitted by other provisions of the proposed protective order.

Defendant lists a plethora of horrible consequences that may result from Plaintiffs' proposal; however, such arguments seem directed to the disclosure of trade secrets. Plaintiffs argue that the parties have already determined that trade secret documents may be designated as "Highly Confidential" meaning "qualified persons" may not review them under any circumstances. However, a review of the parties' proposed protective order belies this assertion, where "HIGHLY CONFIDENTIAL" documents may be disclosed to "persons described in" paragraph . . .7(g), (h). . . ." ECF No. 93, PageID.3915, ECF No.87, PageID.3710. As such, the Court will require the Plaintiff to amend this aspect of paragraph 8 so that it reads: "Documents designated HIGHLY CONFIDENTIAL shall be disclosed only to persons described in paragraphs 7(a), (c), (d), (e), (i) and (k)."

Here, Defendant has not come forward with any authority supporting its extremely burdensome and restrictive definition of qualified persons. In addition to *Gamboa*, *supra*, Plaintiff provides persuasive authority from the district court for the Northern District of California. *See, e.g.*, *In re: Chrysler-Dodge0Jeep EcoDiesel Mtfg. Sales Practices, and Prods. Liab. Litig.*, No. 3:17-md-02777-EMC (N.D. Cal. Aug. 31, 2017) (allowing disclosure to "[p]otential or actual

7

witnesses in this [a]ction to whom disclosure is reasonably necessary."); *In re Volkswagon "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 3:15-md-02672-CRB (N.D. Cal. Feb. 25, 2016) (same).

Based on the above considerations, the Court will adopt Plaintiffs' proposed definition of "qualified persons," and will reject Defendant's overly restrictive and burdensome definition. The Court will further require the proposed protective order to preclude the disclosure of HIGHLY CONFIDENTIAL documents to persons identified by paragraphs 7(g) and 7(h) as represented by Plaintiffs to be an agreement already reached by the parties.

2. **Redaction of Information in Highly Confidential Discovery Documents**

The parties' next dispute concerns the redaction of information deemed irrelevant to the claims and defenses in this action. Plaintiffs' proposed language is consistent with the Court's decision *Gamboa v. Ford Motor Company*, No. 18-cv-10106, *supra. See Gamboa v. Ford Motor Co.* at ECF No. 151, PageID.7361-62 (citing *Beverage Distributors, Inc. v. Miller Brewing Co.*, No. 2:08-CV-1112, 2010 WL 1727640, at *4-5 (S.D. Ohio Apr. 28, 2010). Specifically, Plaintiffs' proposed paragraph 14 states in relevant part:

> Defendant may redact Highly Confidential information if it is irrelevant under these three criteria: (1) the information is not related in any way to Ford's braking systems, (2) the information involves confidential proprietary information of a nonparty that Ford is bound by agreement, order, or law to protect, and (3) it is readily apparent

>that the information falls within (1) and (2). If it is not readily apparent to Plaintiffs that redacted information is irrelevant under this criteria, the Parties must meet and confer before bringing any dispute under this paragraph before the Court.

ECF No. 87, PageID.3713.  Conversely, Defendant's proposed paragraph 14 states in relevant part:

>If a Producing Party identifies Highly Confidential Information that is irrelevant to the claims, defenses, or allegations in this case, the Producing Party will thereafter, within a reasonable time, meet and confer with the requesting party regarding redaction of such material by providing information regarding the reason for the redaction, without disclosing the document or the Highly Confidential Information.  If the Parties do not agree regarding the treatment of the document, the Producing Party will redact the information and the Parties will further confer regarding seeking assistance from the Court for resolution of the dispute.

ECF No. 93, PageID.3918.

Upon review of the parties' briefs, the Court rejects Defendant's proposed language in paragraph 14.  Defendant's proposed language for redacting Highly Confidential information will cause further delay of the instant proceedings by requiring multiple meet and confers and Court involvement if the parties are at an impasse concerning Ford's determination that the information is irrelevant.  The parties' proposed protective order accounts for "Highly Confidential" designations and restricts the individuals who are able to view these documents.  Because of this protection, relevance redactions are unnecessary and improper, and this district has rejected the propriety of such redactions.  *See, e.g., Melchior v. Hilite Int'l, Inc.*,

No. 13-50177, 2013 WL 2238754, at *3 (E.D. Mich. May 21, 2013) (defendant's non-party competitor could not "unilaterally redact portions of documents based on relevancy grounds"); *Salser v. Dyncorp Int'l, Inc.*, No. 12-10960, 2014 WL 7139886, at *2-3 (E.D. Mich. Dec. 12, 2014) (relying on *Melchior, supra*, and noting context is important for the redacted information).

Courts in other districts have reached similar conclusions. *See Burris v. Versa Prod., Inc.*, No. CIV. 07-3938 JRT/JJK, 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) (concluding that "redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure" and "would improperly incentivize parties to hide as much as they dare."); *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request . . . . [I]rrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.").

Ford's assertion that this authority is inapposite because these decisions involved "extensive redactions" or a non-party's redactions is unavailing. The number of redactions or whether said redactions are made by a party or non-party are irrelevant to the outcome of these cases. The case law demonstrates that relevance redactions are generally inappropriate, particularly here, where Plaintiffs

have agreed to Ford's request for a Highly Confidential designation that severely restricts access to this type of document.

Based on the above considerations, the Court will adopt Plaintiffs' proposed paragraph 14 and will reject Defendant's proposal which provides Defendant unfettered discretion to redact purported irrelevant information causing unnecessary burden to Plaintiffs should they suspect a redaction is improper and continued delay with the production of discovery.

3. **Process for Filing Confidential Information with the Court**

Finally, the parties have been unable to reach an agreement concerning the filing of confidential material with the Court. Plaintiffs' proposal to follow Local Rule 5.3 for filing documents under seal is appropriate. Defendant seeks to require an onerous process for submission of such documents with unworkable deadlines and the potential for more court involvement and delay. The Court has adopted and approved of a procedure for filing confidential material under seal and Ford fails to persuade this Court that this case warrants a departure from the Court's local rules.

Accordingly, the Court will adopt Plaintiffs' proposed paragraph 16 and will reject Ford's burdensome and unworkable process for filing confidential information with the Court.

B. **Plaintiffs' Motion to Compel**

Federal Rule of Civil Procedure 26(b)(1) requires a litigant to produce responsive, non-privileged documents that are "relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b) should "be liberally interpreted to permit wide-ranging discovery of information, even if that information is not ultimately admitted at trial." *Harco v. Nat. Ins. Co. v. Sleegers Eng'g, Inc.*, No. 06-cv-11314, 2014 U.S. Dist. LEXIS 150201, at*12 (E.D. Mich. Oct. 22, 2014).

In their Motion to Compel, Plaintiffs argue that Defendant has failed to produce any electronic communications or reports and analyses related to the design, testing, validation and release of all iterations of the master cylinder, the durability, reliability and life cycle, including the projected, expected or anticipated useful life of the Class Vehicles' brake system, specifics concerning quality control measures undertaken during the master cylinder's manufacturing process, and finally, electronic communications related to the master cylinder and its purported defect. Plaintiffs further complain that Ford indicated it would produce the requested documents within sixty days of Plaintiffs' requests to produce. However, it has been more than 120 days, and Defendant has yet to complete its production. Moreover, Plaintiff highlights that Ford's reliance on the absence of a protective order to support its delay in production is disingenuous considering

Defendant's proposed language was unsupported by the Federal Rules of Civil Procedure, this Court's local rules and the *Gamboa* decision.

Defendant argues Plaintiffs' motion should be denied because once the protective order is entered, Defendant will complete its outstanding production. Defendant argues the fault lies with Plaintiffs in regard to the delay in entering a protective order. Defendant further claims that it has already produced over 14,489 pages of information, including drawings, specifications, government standard certification files, service bulletins and messages, representative advertising information as to the named Plaintiffs' vehicles, sales data information, and documents related to recalls and the government's (NHTSA) inquiries at issue for the brake master cylinder. Ford complains that Plaintiffs' discovery requests are overly broad and unduly burdensome to produce. Defendant also asserts that it has agreed to produce email communications and warranty data upon entry of the protective order. Furthermore, Defendant has already identified 13 custodians from whom documents will be produced.

Here, because Plaintiffs' claims and discovery requests relate to the design, testing, validation, and release of the relevant brake system components, which by their nature predate the release of the first sale of a class vehicle in 2013, Plaintiffs' requests are not, as argued by Defendant, a fishing expedition. Plaintiffs' claims require that they establish what Defendant knew about the brake Master Cylinder

defect and when it knew it. Plaintiffs' requests seeking "all documents and communications," related to "the design of the Class Vehicle's Master Cylinder assembly and each component part within the assembly," are targeted to the issues herein and that involve Class Vehicles spanning a six-year period. Thus, Plaintiffs' discovery requests are not overly broad or disproportionate. For these reasons, the Court will grant Plaintiffs' Motion to Compel.

### C. **Plaintiffs' Motion for Reconsideration**

Finally, Plaintiffs move for reconsideration of this Court's January 4, 2021 Order granting in part Plaintiffs' motion to extend the expert report deadline in this Court's October 27, 2020 Case Management Order. Plaintiffs argue that at the time the Court issued its January 4, 2021 decision, Ford had yet to produce the outstanding document requests even though the record before the Court suggested that Defendant would make its document production no later than December 25, 2020.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 683-84 (E.D. Mich. 2004). Moreover, the party seeking reconsideration must show that the correction of the defect would lead to a different result. *Id.* Defendant's document production is still outstanding.

Here, the Court was misled when it rendered its decision because the record before the Court at that time suggested that Defendants had already completed their document production in response to Plaintiffs' discovery requests. This amounts to an obvious defect. The correction of this defect will result in a different result – namely, an extension to the case management order's deadlines, including the expert report deadlines.

The parties spend much of their briefing lodging accusations against each other as to where the blame should be placed for the outstanding document production. Defendant claims Plaintiffs were dilatory in responding to Defendant's proposed protective order. However, based on the arguments raised by Ford in regard to the protective order's proposed language, the Court deems Ford's positions untenable. Ford's position with regard to the outstanding issues were unreasonable and, therefore, the delay in production based on the failure to enter a protective order cannot solely be placed on the Plaintiffs.

15

Here, more than 120 days have passed since Plaintiffs served their requests to produce, and the bulk of the outstanding production concerns discovery relevant to the brake master cylinder system's design, testing, validation, and release of the relevant brake system components, among other relevant issues related to the brake master cylinder, as well as all electronic communications concerning same. An extension to the case management order's dates is therefore warranted. The Court will also grant Plaintiffs' Motion for Reconsideration.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiffs' Motion for Entry of a Protective Order [#87] is GRANTED, Plaintiffs' Motion to Compel [#85] is GRANTED, and Plaintiffs' Motion for Reconsideration [#96] is GRANTED.

Ford SHALL produce discovery responsive to Plaintiffs' Requests to Produce Nos. 2-6, 8-10, 12-15, 20-39, 42-43, 46-48, and 56-59, as well as Plaintiff's Interrogatory Request No. 2 no later than February 5, 2021.

Plaintiff SHALL submit a proposed protective order consistent with this opinion no later than January 27, 2021 at noon.

The Court will require an expedited briefing schedule concerning Plaintiffs' Motion for Entry of ESI Protocol, *see* ECF No. 103, filed on January 15, 2021. Defendant SHALL respond to Plaintiffs' Motion for Entry of ESI Protocol no later than January 28, 2021 and Plaintiff SHALL file a reply no later than February 2,

2021 at noon, EST. Finally, the Court will schedule a hearing on Plaintiffs' Motion for Entry of ESI Protocol for <u>Wednesday, February 3, 2021 at 10:30 a.m</u>.

The Court's October 27, 2020 case management order's dates are amended as follows:

- Plaintiffs' expert report deadline: March 22, 2021

- Defendant's expert report deadline: April 19, 2021

- Discovery cutoff: May 10, 2021

- Dispositive and Class Certification Motions due: June 1, 2021

- Facilitation with Robert F. Riley of Riley and Hurley, P.C.: May 5, 2021 per stipulated order at ECF No. 95

- Hearing on Dispositive and Class Action motions: July 28, 2021 at 2:00 p.m.

- Settlement Conference with Magistrate Judge Elizabeth A. Stafford: August of 2021

- Motions *in Limine* deadline: September 1, 2021

- Final Pretrial Order due: September 1, 2021

- Final Pretrial Conference: September 7, 2021 at 2:00 p.m.

- Jury Trial (1-2 full weeks): September 21, 2021 at 9:00 a.m.

The parties are hereby advised that all the policies and procedures set forth in this Court's October 27, 2020 Case Management Order remain in effect. *See* ECF No. 71, PageID.3106-09, at Roman Numeral I through IX.

SO ORDERED.

Dated: January 25, 2021 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 25, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager