# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL WEIDMAN, *et al.*,

    Plaintiffs,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No.: 2:18-cv-12719

Hon. Gershwin A. Drain

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ENTRY OF AN ESI PROTOCOL [#103]

### I.   INTRODUCTION

Presently before the Court is the Plaintiffs' Motion for Entry of an ESI Protocol, filed on January 15, 2021. ECF No. 103.  The Court entered an expedited briefing schedule on January 25, 2021.  ECF No. 104.  Defendant filed its response in opposition on January 28, 2021, indicating that the parties had met and conferred prior to Defendant's filing of its response and noting that the issues raised in Plaintiffs' Motion for Entry of an ESI protocol have been significantly narrowed.  ECF No. 110, PageID.4987, n.1.

Specifically, the parties' dispute whether entry of an ESI protocol at this late stage of the discovery period is warranted.  Further, if the Court is inclined to agree with the Plaintiffs that entry of an ESI protocol is needed, the parties cannot agree

on proposed paragraph 15 in the ESI protocol, entitled, "Deduplication." Plaintiffs seek to include "all folder path information" when a party de-duplicates ESI, whereas Defendant maintains this will cause undue burden and expense and is of little, if any, benefit to Plaintiffs.[1]  The parties also have reached an impasse concerning proposed paragraph 19, entitled, "Parent-Child Relationships," wherein Plaintiffs seek to require the parties to produce all non-privileged email attachments.  Defendant argues this position is unreasonable because this language would require production of nonresponsive documents.  Finally, the parties dispute whether there should be language in the ESI protocol requiring that all privileged communications with any regulator or government agency be included in a privilege log. Defendant maintains this requirement is confusing and unnecessary as the case law and applicable Rules provide clear guidance as to privilege logs.

      Plaintiffs filed their reply brief on February 2, 2021. Defendant filed a supplemental brief on February 2, 2021.  However, this Court's local rule 7.1 concerning motion practice does not permit the filing of a supplemental brief.  *See* E.D. Mich. L.R. 7.1.  Because Defendant did not seek leave to file its supplemental brief, and the Plaintiffs will not have an opportunity to respond thereto, the Court will not consider Defendant's supplemental filing.  Upon review of the parties'

---

[1] De-duplication is an automated process that compares ESI files and removes or marks exact duplicate files, for the purpose of streamlining review and production. *See Sedona Conf. Glossary*, 21 Sedona Conf. J. 263, 293 (2020).

submissions, the Court concludes oral argument will not aid in the disposition of this matter. Accordingly, the February 3, 2021 hearing on this matter is cancelled and the Court will resolve Plaintiffs' present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will grant in part and deny in part Plaintiffs' Motion for Entry of an ESI Protocol.

## II.  FACTUAL BACKGROUND

The instant action alleges a defect with the brake master cylinder in Ford F-150 trucks, model years 2013 through 2018. Discovery in this case began in March of 2020, and the parties have engaged in extensive negotiations concerning an ESI protocol for the production of documents.

On January 25, 2021, this Court entered an Order granting the Plaintiffs' Motion to Compel Discovery, Plaintiffs' Motion for Entry of a Protective Order and granting Plaintiffs' Motion for Reconsideration. ECF No. 104. The bulk of Defendants' production has not yet been served upon Plaintiffs due to the parties' inability to reach a consensus on the entry of a protective order. *Id.* The Court's January 25, 2021 Opinion and Order required Defendant to produce discovery responsive to Plaintiffs' Requests to Produce Nos. 2-6, 8-10, 12-15, 20-39, 42-43, 46-48, and 56-59, as well as Plaintiffs' Interrogatory Request No. 2 no later than February 5, 2021. *Id.* at PageID.4922.

### III. LAW & ANALYSIS

#### A. Is Entry of an ESI Protocol Necessary?

As to the parties' first disputed issue, Plaintiffs claim that Defendant has refused to agree on entry of an ESI protocol. Rather, Defendant suggested that Plaintiffs wait until Defendant makes its outstanding discovery production and then revisit the ESI issue thereafter. Plaintiffs argue such a procedure is impractical and counter to Rule 1 of the Federal Rules of Civil Procedure which emphasizes that parties share the responsibility to administer the Federal Rules for "the just, speedy, and inexpensive determination of every action" and "[e]ffective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure." *See* Fed. R. Civ. P. 1, Adv. Comm. – 2015 Amendments.

Plaintiffs also rely heavily on the Sedona Conference and its study of issues in complex litigation and e-discovery. The Sixth Circuit and this Court have recognized that the Sedona Conference's resources provide persuasive authority regarding discovery best practices and principles. *See Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 145 (E.D. Mich. 2009) ("The Sedona Principles . . . have been cited favorably by the parties and the Sixth Circuit."); *see also John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008); *Auto. Sol'ns Corp. v. Paragon Data Sys.*, 756 F.3d 504, 515 (6th Cir. 2014). The Sedona Conference recommends

"[j]ointly developing automated search and retrieval methodologies" as a method to accomplish the discovery rules' requirement that "counsel [] act cooperatively." *The Sedona Conference Cooperation Proclamation*, 10 Sedona Conf. J. 331, 333 (2009).

Conversely, Defendant argues that it has already spent months preparing its production and with a February 5, 2021 deadline requiring Defendant to produce its outstanding discovery, an ESI protocol is inappropriate. Defendant argues that Plaintiffs' proposed ESI protocol will be prejudicial to Defendant since it will require Defendant to expend significant resources and time to conform its production to Plaintiffs' ESI protocol and potentially cause Defendant to redo considerable portions of its production. Defendant argues the parties' time and money is much better spent on completing production, and meeting-and-conferring should issues arise. Defendant argues that the Court should not require entry of "an ESI protocol, and instead permit the parties to resolve any issues with the production, if any even arise." ECF No. 110, PageID.4990.

The Court is not persuaded by Defendant's "wait and see" approach to its discovery production, which is already more than 120 days overdue. Defendant's claims of substantial prejudice are not well taken where Defendant chose to ignore Plaintiffs' entreaties to agree on an ESI protocol that is needed in a case such as this involving six model years and significant electronic discovery. Entry of an

5

ESI protocol is warranted and appropriate. However, the Court will provide Defendant with a short extension to its discovery production deadline and will extend the date from February 5, 2021 to February 12, 2021.

### B. Deduplication

Next, Plaintiffs argue that while removing identical duplicates from a production aids efficiency, it also risks the loss of information such as where the duplicate copy was stored. Thus, Plaintiffs argue that all duplicates' folder-path information must be included in the metadata.

Conversely, Defendant argues production of all folder path metadata is unduly burdensome and disproportionate to the needs of the case. Defendant argues that if the Court is inclined to adopt Plaintiffs' paragraph 15 which requires all folder path metadata to be produced for the removal of duplicate copies, this expense should be shifted to the Plaintiffs.

Here, the Court finds that Plaintiffs have not sufficiently explained the value of the folder path metadata for duplicate copies that have been removed from production. Moreover, Plaintiffs have failed to demonstrate the all folder path information is proportional to the needs of this case. The Court will therefore adopt Defendant's proposed paragraph 15 for the ESI protocol.

### C. Parent-Child Relationships

Next, Plaintiffs seek to require the production of all non-privileged email attachments. Conversely, Defendant argues that Plaintiffs' position is not supported by the case law or the Federal Rules of Civil Procedure because Plaintiffs have no right to the production of non-responsive email attachments. *See G.P.P., Inc. v. Guardian Prot. Prods.*, No. 1:15-cv-00321, 2016 U.S. Dist. LEXIS 88926, at *2-3 (E.D. Cal. Jul. 8, 2016) (holding that "[t]he relevance of each document in a document 'family' should be assessed separately[,]" and denying motion to compel where the movant had failed in its "burden of showing that its discovery request satisfies the relevancy requirements of Rule 26(b)(1)."). Defendant argues requiring production of nonresponsive email attachments is inconsistent with Rules 26 and 34 of the Federal Rules of Civil Procedure because neither Rule permits a requesting party with the right to receive irrelevant documents.

While the Court agrees that Defendant is not required by the Federal Rules of Civil Procedure to produce nonresponsive and irrelevant email attachments, the Court also finds that requiring Defendant to create a log of the email attachments withheld and the reason for withholding them will ensure that the parties do not have to engage in numerous meet-and-confers about the nature of what is being withheld. The authority provided by Defendant supports such a procedure. *See In*

*re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig.*, No. 12-MD-2342, 2013 U.S. Dist. LEXIS 187691, at *11-13 (E.D. Pa. Oct. 31, 2013). This procedure will streamline the parties' meet and confers concerning whether Defendant's production is complete. Finally, Defendant has not argued such a procedure is onerous or prejudicial. Accordingly, the Court will adopt Defendant's proposed paragraph 19 and will also require Defendant to create a log of withheld email attachments identifying the reason each attachment has been withheld from production. The log must include sufficient detail so that the Plaintiffs can ascertain whether the purported nonresponsive or irrelevant withheld email attachments are in fact properly withheld under the Federal Rules of Civil Procedure.

### D. Should Communications with Any Regulator or Government Agency be Included in a Privilege Log?

Finally, Plaintiffs argue that Defendant should be required to log all privileged communications regarding interactions with any regulator or government agency, regardless of whether Defendant's counsel are involved.

Defendant asserts that Plaintiffs' proposed language regarding communications with regulators and governmental agencies is superfluous. Thus, Defendant requests that the Court adopt its version of paragraph 38, which removes the language regarding communications with regulators and government agencies.

Here, because Defendant agrees that privileged communications with regulators or government agencies that are responsive to Plaintiffs' discovery requests must be included in a privilege log, the Court agrees that Plaintiffs' proposed language in this regard is unnecessary. Accordingly, the Court will adopt Defendant's proposed paragraph 38.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiffs' Motion for Entry of an ESI Protocol [#103] is GRANTED IN PART and DENIED IN PART. Plaintiff SHALL submit the proposed ESI protocol consistent with this decision <u>no later than February 4, 2021</u>. Finally, the Court will provide Defendant with a short extension to its discovery production deadline from <u>February 5, 2021 to February 12, 2021</u>.

SO ORDERED.

Dated: February 2, 2021                     /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 2, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager