UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL WEIDMAN, *et al.*

           Plaintiffs,

v.

FORD MOTOR COMPANY,

           Defendant.

_____/

Civil Action No.: 18-12719
Honorable Gershwin A. Drain
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL (WITH CONDITIONS) AND DENYING AS MOOT DEFENDANT'S MOTION FOR PROTECTIVE ORDER (ECF NOS. 122, 127)**

**A.**

Plaintiffs sue Ford Motor Company because of alleged brake defects in F-150 trucks. ECF No. 52. In May 2021, near the end of the discovery period, plaintiffs moved to compel Ford to search for and produce documents responsive to request for production of documents number 69 (RFP 69), which sought:

> All Documents and Communications concerning or reflecting You and/or Your suppliers and/or agents discovering, investigating, analyzing or troubleshooting the presence of hydrocarbons (specifically engine oil) in the Class Vehicles' Brake System, from the wheel brake calipers to the Master Cylinder reservoir and all points in between.

ECF No. 122, PageID.5211.  Plaintiffs ask the Court to compel Ford to conduct a keyword search of three of custodians.[1]  They acknowledge that "hydrocarbon intrusion is not explicitly alleged in [their] complaint," but say that they recently uncovered evidence showing that hydrocarbon intrusion was a cause of the break defect.  ECF No. 131, PageID.5829, 5831.  In support, plaintiffs cite some emails and a document Ford produced in discovery, and a March 2021 expert report.  ECF No. 131-6, PageID.5846-5847, 5852-5853; ECF No. 132-2; ECF No. 132-3; ECF No. 132-4; ECF No. 132-5.

Ford both responded to plaintiffs' motion to compel and moved for a protective order.[2]  See ECF No. 126; ECF No. 127; ECF No. 131; ECF No. 132; ECF No. 135; ECF No. 136; ECF No. 138.  Ford objected to RFP 69, calling it overly broad and unduly burdensome because, among other reasons, it requested documents about an alleged defect that plaintiffs did not identify in the complaint.  See ECF No. 126, PageID.5322.  Despite its

---

[1] Plaintiffs' proposed search terms are "Brake OR vacuum OR booster OR valve OR sensor OR "master cylinder" OR reservoir OR rsvr OR fluid OR DOT3  OR  DOT4 OR seal OR line OR hose OR harness OR 'vacuum pump' OR aspirator) AND (petrol! OR hydrocarbon! OR oil OR vapor! OR gas! OR distillate! OR CnH2n."  ECF No. 122, PageID.5224, n. 3.

[2] The Honorable Gershwin A. Drain referred both motions to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A).  ECF No. 124; ECF No. 127.

objections and its refusal to conduct plaintiffs' requested keyword search, Ford says that it "conducted a reasonable, proportional and diligent search and responded by referring Plaintiffs to previously produced documents." *Id*. This search led to the production of 769 pages of documents. *Id*. In a later statement of unresolved issues, Ford wrote that it "conducted a reasonable search, including searching the documents of 14 custodians (4 more than is required by the Eastern District of Michigan Model ESI Order) and produced almost 7,000 documents that reference hydrocarbons and/or engine oil." ECF No. 140, PageID.6229. Ford argues that plaintiffs failed to show that more responsive materials exist. *Id*., PageID.6230. Ford thus asks the Court to protect it from having to conduct more searches and document productions for RFP 69. ECF No. 127; ECF No. 140.

After a June 4, 2021 hearing on the motions, the Court denies plaintiffs' motion to compel, conditioned on Ford's service of a proper response to RFP 69. Ford's motion for protective order is denied as moot.

### B.

Under the 2015 amendment to Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Showing relevance is an "extremely low bar." *In re*

*Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig.*, 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014) (noting that Fed. R. Evid. 401 deems evidence relevant if it has "*any* tendency to make a fact more or less probable") (emphasis supplied in *In re Ford*). The proportionality factors are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

     Plaintiffs argue that records about hydrocarbon infusion are highly relevant and they cite opinions from before the 2015 amendment to argue that the scope of discovery is liberal and wide-ranging. *See* ECF No. 122, PageID.5225-5226; ECF No. 135, PageID.5927-5928. They also cite opinions stating that the 2015 amendment did not change the basic tenet that Rule 26 allows broad discovery. ECF No. 135, PageID.5928 (citing *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic*, P.C., 315 F.R.D. 220, 222 (E.D. Mich. 2016) and *Buetenmiller v. Cogswell*, 2021 WL 1837750, at *2 (E.D. Mich. May 7, 2021)). Like most briefing this Court sees in discovery motions, plaintiffs' note the proportionality factors but only briefly address them. ECF No. 122, PageID.5228-5229.

4

When noting that the discovery rules are broadly construed, many attorneys gloss over the operative rules requiring an assessment of proportionality. Some attorneys cite *Oppenheimer Fund, Inc. v. Sanders*, as establishing the breadth of discovery. 437 U.S. 340, 351 (1978) (Plaintiffs here did not cite *Oppenheimer*.) In that case, the Supreme Court said that the "key phrase" of Rule 26(b)(1), "'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 351. Now, Rule 26(b)(1) does not include the "key phrase" cited in *Oppenheimer*; the amended rule more narrowly allows discovery that "is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1).

So it is "inappropriate to continue to cite to *Oppenheimer* for the purpose of construing the scope of discovery under amended Rule 26(b)(1)." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 820-23 (W.D. Pa. 2016). Unlike the operative language of Rule 26(b)(1) in *Oppenheimer*, "The [2015] rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no

5

entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Rule 26, advisory committee's notes (2015).

Some attorneys interpret Rule 26(b)(1) too narrowly and fail to recognize that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action." *Id*.

> For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard. Information about organizational arrangements or filing systems of a party could be discoverable if likely to yield or lead to the discovery of admissible information. Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable. In each instance, the determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action.

*Id.*

The key phrase of the current Rule 26(b)(1) is the one describing proportionality; "[T]he change ensures that the parties and courts share the "'collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Helena Agri-Enterprises, LLC v. Great Lakes Grain*, *LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (citing Rule 26 advisory committee's notes (2015)). In *Helena Agri-Enterprises*, the

6

Sixth Circuit emphasized the intent of the 2015 amendment to rein in the exorbitant costs, protracted time, and contention that have strained the civil justice system. *Id*. "Instead of facilitating costly and delay-inducing efforts to look under every stone in an e-discovery world populated by many stones, the new rule 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Id*. at 274 (quoting John G. Roberts, Jr., 2015 Year-End Report on the Federal Judiciary 6 (2015)).

"It is now 'the power—and *duty*—of the district courts actively to manage discovery and to limit discovery that exceeds its proportional and proper bounds.'" *Id*. (quoting *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 306 (S.D. Ind. 2016)) (emphasis in original). Under amended Rule 26(b)(1), a court does not fulfill its duty when it compels discovery based on relevance alone. *Id*.

### C.

In support of their motion to compel, plaintiffs mainly argue that materials about hydrocarbon intrusion are highly relevant to their claims. *See* ECF No. 122, PageID.5221, 5226-5228, 5232; ECF No. 131, PageID.5829-5832. They fail to show that another search of the Ford custodians' accounts would be proportional to the needs of the case.

First, plaintiffs do not show that Ford's earlier searches for documents were insufficient to uncover materials about hydrocarbon intrusion causing the alleged brake defect. In a January 2021 order granting plaintiffs' earlier motion to compel, the Honorable Gershwin A. Drain described plaintiffs' document requests as seeking

> any electronic communications or reports and analyses related to the design, testing, validation and release of all iterations of the master cylinder, the durability, reliability and life cycle, including the projected, expected or anticipated useful life of the Class Vehicles' brake system, specifics concerning quality control measures undertaken during the master cylinder's manufacturing process, and finally, electronic communications related to the master cylinder and its purported defect.

ECF No. 104, PageID.4918. At the June 4th hearing, the Court asked plaintiffs' counsel why searches for the documents that Judge Drain compelled would not have adequately captured the materials they seek about hydrocarbon intrusion as a cause of the brake failures. Plaintiffs' counsel believed that the emails attached to their reply brief suggest that other documents existed, but this Court's review of the emails did not reveal an obvious gap in the production. ECF No. 132-2; ECF No. 132-3; ECF No. 132-5.

Ford casts doubt on plaintiffs' claim that more documents about hydrocarbon intrusion exist. It says that it produced over 100,000 pages of documents in response to plaintiffs' requests for production of documents

and interrogatories. ECF No. 126, PageID.5321. And Ford notes that, during depositions of Ford employees, "the witnesses either expressly denied that hydrocarbons were an issue in connection with the leak-into-booster or bypass conditions, or despite their involvement in the investigation, they had not seen instances of hydrocarbons entering the braking systems and leading to a leak-into-booster or bypass condition." ECF No. 126, PageID.5337. Ford cites and quotes the relevant deposition testimony, including from three witnesses who testified under Federal Rule of Civil Procedure 30(b)(6). *Id*., PageID.5337-5340. And Ford asserts that none of the deposition testimony showed that more documents about the hydrocarbon issue exist. *Id*., PageID.5340.

Ford also represents that it has fully responded to RFP 69. During the hearing, the Court asked Ford's counsel if it had properly responded to RFP 69 as required by Federal Rules of Civil Procedure 26(g) and 34(b). Rule 26(g) requires an attorney to sign a discovery response, thus certifying that the response was made after a reasonable inquiry. Under Rule 34(b)(2)(C), a responding party must state whether it withheld any responsive material as a result of its objections. At the hearing, Ford's counsel said that she believed that it had served plaintiffs with a proper

9

response to RFP 69, and she agreed that Ford would serve a proper response if it had not yet done so.

"[A]bsent credible evidence, the responding party's representation that there are no additional documents is sufficient to defeat a motion to compel." *Maker's Mark Distiller, Inc. v. Spalding Grp., Inc.*, No. 319CV00014GNSLLK, 2021 WL 2018880, at *3 (W.D. Ky. Apr. 20, 2021).

> Credible evidence is more than mere speculation and must permit a reasonable deduction that other documents may exist or did exist and have been destroyed. Specifically, this might include presentation of responsive, but withheld, documents that the moving party obtained from another source or testimony demonstrating knowledge of the existence of responsive documents.

*Id*. (citations and quotation marks omitted); *see also Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 125 (E.D. Mich. 2019) ("When a party responding to discovery takes the position that it has fully responded, the court usually will not compel a further response absent evidence that the responding party has improperly withheld documents.") (citation and quotation marks omitted).

Plaintiffs here suspect that Ford has not produced all materials that exist in response to RFP 69, but the emails they present to support their suspicion do not convince the Court. And the deposition testimony highlighted by Ford undermines plaintiffs' argument that another search

10

would unearth a meaningful amount of material not captured by earlier searches. Turning over every stone to see if more documents about hydrocarbon intrusion exists would not be proportional to the needs of the case. *Helena Agri-Enterprises*, 988 F.3d at 274.

The Court thus denies plaintiffs' motion to compel Ford to conduct another search for documents that are responsive to RFP 69, but this denial is conditioned on Ford serving plaintiffs with a proper response under Rules 26(g) and 34(b) by June 17, 2021. The Court denies as moot Ford's motion for protective order.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 9, 2021

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2021.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager