UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL WEIDMAN, *et al.*,

        Plaintiffs,                      Case No.: 18-cv-12719
                                                             Hon. Gershwin A. Drain

v.

FORD MOTOR COMPANY,

        Defendant.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO SEAL EXHIBITS TO THE PARTIES' MOTIONS AND RESPONSES [#155, #165] AND GRANTING DEFENDANT'S UNOPPOSED MOTIONS FOR LEAVE TO AMEND EXHIBITS TO MOTIONS TO SEAL [#159, #174]</u>**

**I.    INTRODUCTION**

Presently before the Court are the Defendant's Motions to Seal Exhibits. *See* ECF Nos. 155 and 165. Specifically, Defendants seek an order authorizing the parties to file certain exhibits to Plaintiffs' Motion for Class Certification, Plaintiffs' Motions to Exclude Walker and Padmanaban, and Ford's Motion for Summary Judgment under seal, as well as an order authorizing the parties to file certain exhibits to their respective responsive briefs under seal. Plaintiffs have filed briefs opposing the Defendant's Motions to Seal and Defendant has filed replies in support of its Motions to Seal. On June 25, 2021, Defendant filed an

1

Unopposed Motion for Leave to Amend Exhibits A, A-Parts 1-4 and B to its first Motion to Seal. *See* ECF No. 159. Thereafter, on July 29, 2021, Defendant filed another Unopposed Motion for Leave to Amend Exhibits B, C, and E to Defendant's second Motion to Seal. *See* ECF No. 174. Upon review of the parties' filings, the Court concludes oral argument will not aid in the resolution of these matters. As such, the Court will resolve the parties' motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant Defendant's Motions to Seal and Unopposed Motions for Leave to Amend.

## II. LAW & ANALYSIS

Defendant seeks permission to seal certain documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by Ford. Defendant argues Ford has legitimate interests in protecting its confidential and proprietary business information and trade secrets, Ford will be substantially injured and competitively harmed if the documents are not sealed, and a less restrictive alternative to sealing the documents is not sufficient.

On January 26, 2021, this Court entered the parties' Stipulated Protective Order, which provides, in pertinent part:

> 2. All Discovery Material produced by the Parties or third parties in this case and labeled "SUBJECT TO PROTECTIVE ORDER or "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" (collectively, "Protected Document(s)") shall be used only in this Proceeding, as follows:

> a. A Party producing Discovery Material (the "Producing Party") may designate the Discovery Material as "SUBJECT TO PROTECTIVE ORDER" OR "CONFIDENTIAL" if the Producing Party believes in good faith that the material is confidential and it (i) would not normally reveal the information to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.
> b. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" if it meets the requirements for "Confidential" information, as set forth above, and which a Producing Party believes in good faith that it would likely cause competitive, commercial, or financial injury if disclosed beyond those designated in paragraph 8 below. This designation is intended for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, e.g., materials relating to future products, strategic plans, non-public financial data, and trade secrets. This designation also includes information obtained from a non-party pursuant to a nondisclosure agreement that falls within the foregoing definition of HIGHLY CONFIDENTIAL material unless the non-party permits a different designation in writing.

ECF No. 108, PageID.4957-58. Access to and use of the confidential information is restricted to those reasonably necessary for this litigation as set forth in the Protective Order.

During the course of discovery, Ford produced documents to Plaintiffs which Ford designated as "Confidential," and "Highly Confidential" pursuant to the Protective Order because they contain Ford's proprietary, confidential or trade secret information.

Local Rule 5.3 provides that "[t]he Court may grant a motion to seal only upon a finding of a compelling reason…." E.D. Mich. L.R. 5.3(b)(3)(C)(i). In determining whether a compelling reason is present, the Sixth Circuit has held that:

> The courts have long recognized…a "strong presumption in favor of openness" as to court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: Only the most compelling reasons can justify non-disclosure of judicial records.

*In re Knoxville News–Sentinel Co.*, 723 F.2d 470 (6th Cir. 1983) (*quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

Local Rule 5.3(b)(3)(A) permits a party seeking to file an item under seal to file and serve a motion setting forth the authority for sealing or redacting and the reasons sealing or redacting is appropriate. The rule provides that the moving party provide (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects; (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record; (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom; (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority; (v) a redacted version of the

4

document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit; and (vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. E.D. Mich. L.R. 5.3(b)(3)(A).

A review of Ford's initial Motion to Seal's Amended Exhibit A and the Amended Declaration of William Ballard, Design Analysis Engineer at Ford, reveals Ford has complied with the requirements of Local Rule 5.3(b)(3)(A), and further, that the documents Ford seeks to seal contain trade secret information that is confidential and proprietary to Ford. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (noting trade secrets are "a recognized exception to the right of public access to judicial records."). A trade secret is information that (a) derives economic value from not being known or readily ascertainable by other people who can obtain value from its disclosure and use, and (b) is subject to reasonable efforts to maintain its secrecy. MICH. COMP. LAWS § 445.1902(d). Similarly, a review of Ford's second Motion to Seal's Exhibits A and D and Amended Exhibits B and C, as well as the Amended Declaration of William Ballard, reveals Ford has complied with the requirements of Local Rule 5.3(b)(3)(A), as well as demonstrates the exhibits Ford seeks to be filed under seal contain trade secret information that is confidential and proprietary to Ford.

Information found in these exhibits is used in Ford's business of designing, manufacturing, development, testing, and/or root cause analyses of Ford's products including the vehicles identified in Plaintiffs' Complaint. This information also provides Ford with an advantage in that market over anyone who does not have such information. The value and utility of this information is not dependent on the specific design of the vehicle being manufactured, and the processes identified could have or do have an application across a range of different vehicles.

Additionally, information regarding the particular root cause analysis with regard to the identified vehicles would provide competitors with information regarding Ford's process for vehicle design, development, root cause analysis, and testing. If this information were to be publicly disseminated, Ford's competitive position in the marketplace would be harmed and Ford would be injured. These exhibits contain proprietary, confidential, and/or trade secret information of Ford or third-party supplier Hitachi. As to the parties' experts' reports, the reports contain confidential, proprietary and trade secret information as set forth in Mr. Ballard's Amended Declaration. The reports discuss design information and warranty and claim rates, which is the type of information courts have deemed appropriate for sealing. *See Kondash v. Kia Motors Am., Inc.*, 2018 WL 770418 (S.D. Ohio Feb. 7, 2018).

6

As to vehicle identification numbers (VINs), Defendant indicates that it redacted this information because VINs can be used to identify individuals. Defendant asserts that if Plaintiffs consent, Ford will not object to unsealing the redaction related to the VINs for the Class Vehicles.

### III. CONCLUSION

Defendant's Unopposed Motion for Leave to Amend Exhibits A, A-Parts 1-4 and B to its first Motion to Seal [#159] is GRANTED.

Defendant's Unopposed Motion for Leave to Amend Exhibits B, C, and E to Defendant's second Motion to Seal [#174] is GRANTED.

Defendant's Motion to Seal Exhibits to Plaintiffs' Motion for Class Certification, Plaintiffs' Motion to Exclude Walker and Padmanaban, and Ford's Motion for Summary Judgment [#155] is GRANTED.

Defendant's Motion to Seal Exhibits to Ford's Responses in Opposition to Plaintiffs' Motion for Class Certification, Plaintiffs' Motions to Exclude Walker and Padmanaban, and Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment [#165] is GRANTED.

SO ORDERED.

Dated: March 31, 2022                /s/Gershwin A. Drain
                                     GERSHWIN A. DRAIN
                                     United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 31, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk