IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PAUL WEIDMAN *et al.*,<br><br>                  Plaintiffs,<br><br>  v.<br><br>FORD MOTOR COMPANY,<br><br>                  Defendant. | Case No. 2:18-CV-12719-GAD-EAS<br><br>Honorable Gershwin A. Drain<br><br>Magistrate Elizabeth A. Stafford |

**DEFENDANT FORD MOTOR COMPANY'S
MOTION TO DISMISS NON-CLASS PLAINTIFFS**

Ford Motor Company moves the Court for an order striking and dismissing the class allegations of those plaintiffs who did not move for class certification within the time set by this Court's scheduling order. Ford also moves to dismiss those plaintiffs' substantive claims because their vehicles were all within the population of Recall 2, a population the remaining class-representative Plaintiffs do not purport to represent in any state. The National Highway Traffic Safety Administration (NHTSA) is supervising that recall, and these plaintiffs have offered no evidence the NHTSA's supervision is falling short. This Court can and should dismiss their claims.

Pursuant to Local Rule 7.1(a), the parties have been engaging in discussions regarding the relief sought, and have not yet concluded their discussions. Because this Court's November 2, 2022 order set a deadline of November 16, 2022, Ford files the motion now, and will update the Court if any agreements are reached.

Respectfully submitted,

| | |
|---|---|
| Dated: November 16, 2022 | By:   /s/ *Stephanie A. Douglas* <br> Stephanie A. Douglas |
| Randall W. Edwards (CA 179053) <br> O'MELVENY & MYERS LLP <br> Two Embarcadero Center, 28th Floor <br> San Francisco, CA 94111 <br> (415) 984-8700 <br> redwards@omm.com | Stephanie A. Douglas (P70272) <br> BUSH SEYFERTH PLLC <br> 100 W. Big Beaver Rd., Suite 400 <br> Troy, MI 48084 <br> (248) 822-7800 <br> douglas@bsplaw.com <br><br> A. Lane Morrison (TX 24122924) <br> BUSH SEYFERTH PLLC <br> 5810 Wilson Rd, Suite 125 <br> Humble, TX 77396 <br> (281) 930-6853 <br> morrison@bsplaw.com |

*Attorneys for Defendant Ford Motor Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PAUL WEIDMAN *et al.*, | Case No. 2:18-CV-12719-GAD-EAS |
| Plaintiffs, | |
| v. | Honorable Gershwin A. Drain |
| FORD MOTOR COMPANY, | Magistrate Elizabeth A. Stafford |
| Defendant. | |

## BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S
## MOTION TO DISMISS NON-CLASS PLAINTIFFS

# **TABLE OF CONTENT**

TABLE OF AUTHORITIES ................................................................................. iii

STATEMENT OF ISSUES ....................................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ...........................vi

I.   INTRODUCTION .......................................................................................1

II.  PROCEDURAL HISTORY .........................................................................1

III. FACTUAL BACKGROUND.......................................................................3

IV.  THE CLASS ALLEGATIONS AND CLAIMS OF THE REMAINING NAMED INDIVIDUAL PLAINTIFFS WHO DID NOT MOVE FOR CLASS CERTIFICATION BY THE COURT'S DEADLINE SHOULD BE STRICKEN AND DISMISSED .........................5

V.   THE NHTSA IS SUPERVISING THE RECALL OF THE VEHICLES OF THE NON-REPRESENTATIVE PLAINTIFFS ..................7

VI.  CONCLUSION...........................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Barnett v. Charleston & W. C. Ry. Co.*,
 96 S.E.2d 555 (S.C. 1957) ..................................................................................11

*Chrisman v. Countrywide Home Loans, Inc.*,
 No. 3:07-CV-333, 2010 WL 1257864 (E.D. Tenn. Mar. 26, 2010)................6, 7

*Dickson v. Am. Airlines, Inc.*,
 685 F. Supp. 2d 623 (N.D. Tex. 2010) .................................................................6

*Ellis v. King*,
 400 S.E.2d 235 (W. Va. 1990)............................................................................11

*Fisher v. Qualico Contracting Corp.*,
 779 N.E.2d 178 (N.Y. 2002)...............................................................................10

*Flores v. FCA US LLC*,
 No. 19-10417, 2020 WL 7024850 (E.D. Mich. Nov. 30, 2020) .........................9

*Grandson v. Univ. of Minnesota*,
 272 F.3d 568 (8th Cir. 2001) ...............................................................................6

*Hadley v. Chrysler Grp LLC*,
 No. 13-13665, 2014 WL 988962 (E.D. Mich. March 13, 2014).........................9

*Hadley v. Chrysler Grp., LLC*,
 624 F. App'x 374 (6th Cir. 2015).........................................................................9

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
 No. 16-MD-02744, 2022 WL 4211149 (E.D. Mich. Sept. 12, 2022) .................9

*In re Gen. Motors LLC Ignition Switch Litig.*,
 407 F. Supp. 3d 212 (S.D.N.Y. 2019) ...............................................................10

*In re Pella Corp. Architect & Designer Series Windows Mktg.*,
 No. 2:14-MN-00001-DCN, 2015 WL 4162442 (D.S.C. July 9,
 2015) .....................................................................................................................6

*In re Takata Airbag Prod. Liab. Litig.*, MDL No. 2599, slip op. at 1–2
 (S.D. Fla. Nov. 10, 2022).....................................................................................9

*Kendrick v. Jefferson Cnty. Bd. of Educ.*,
 932 F.2d 910 (11th Cir. 1991) .............................................................................6

*Kline v. Mortg. Elec. Sec. Sys.*,
 No. 3:08-CV-408, 2015 WL 13048741 (S.D. Ohio Sept. 25, 2015),

*aff'd sub nom. Kline v. Mortg. Elec. Registration Sys., Inc.*,
  704 F. App'x 451 (6th Cir. 2017) ...................................................................5, 7

*Lee v. Dell Products, L.P.*,
  236 F.R.D. 358 (M.D. Tenn. 2006) ....................................................................6

*Lewis v. Continental Bank Corp.*,
  494 U.S. 472 (1990)............................................................................................7

*McLean v. Merrifield*,
  No. 00-CV-0120E(SC), 2002 WL 1477607 (W.D.N.Y. June 28,
  2002) ..................................................................................................................6

*Nasoordeen v. F.D.I.C.*,
  No. 08-05631, 2010 WL 1135888 (C.D. Cal. Mar. 17, 2010) ...........................8

*Rodriguez v. City of Green Bay*,
  No. 20-C-1819, 2021 WL 1910749 (E.D. Wis. May 12, 2021).........................6

*Sanford v. Kobey Bros. Const. Corp.*,
  689 P.2d 724 (Colo. App. 1984).......................................................................10

*Sharp v. FCA US LLC*,
  No 21-12497, 2022 WL 14721245 (E.D. Mich. Oct. 25, 2022) ............... 8, 9, 10

*Strzelecki v. Blaser's Lakeside Indus. of Rice Lake, Inc.*,
  348 N.W.2d 311 (Mich. Ct. App. 1984)...........................................................10

*Vezina v. Nautilus Pools, Inc.*,
  610 A.2d 1312 ( Conn. 1992) ...........................................................................10

*Weidman v. Ford Motor Co.*,
  No. 18-CV-12719, 2022 WL 1071289 (E.D. Mich. Apr. 8, 2022) .....................9

*Winzler v. Toyota Motor Sales USA, Inc.*,
  681 F.3d 1208 (10th Cir. 2012) ...................................................................8, 10

**RULES**

Fed. R. Civ. P. 23 ............................................................................... 2, 3, 5, 7

Fed. R. Civ. P. 41 .......................................................................................7

## **STATEMENT OF ISSUES**

1. Should this Court dismiss the allegations and claims of those named plaintiffs who did not move for class certification?

    Answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

As to why the allegations and claims of the Non-Representative Plaintiffs should be stricken or dismissed or otherwise fail under the doctrine of prudential mootness:

- *Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374, 379–80 (6th Cir. 2015).
- *Sharp v. FCA US LLC*, No. 21-12497, 2022 WL 14721245 (E.D. Mich. Oct. 25, 2022).
- *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2022 WL 4211149, at *4 (E.D. Mich. Sept. 12, 2022).
- *Flores v. FCA US LLC*, No. 19-10417, 2020 WL 7024850, at *4 (E.D. Mich. Nov. 30, 2020) (Drain, J.).
- *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08-CV-408, 2015 WL 13048741 (S.D. Ohio Sept. 25, 2015), *aff'd sub nom. Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451 (6th Cir. 2017).
- *Chrisman v. Countrywide Home Loans, Inc.*, No. 3:07-CV-333, 2010 WL 1257864, at *1 (E.D. Tenn. Mar. 26, 2010).
- *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 362 (M.D. Tenn. 2006).

## I. INTRODUCTION

This Court's final scheduling order set a June 22, 2021 deadline for the plaintiffs to move for class certification. *See* ECF No. 123, PageID.5308. On that date, six named Plaintiffs moved for class certification; the other named Plaintiffs did not. Ford therefore moves the Court for an order striking and dismissing the class claims of those named Plaintiffs that did not move for class certification (the "Non-Representative Plaintiffs"). Additionally, Ford, under the supervision of the National Highway Traffic Safety Administration (NHTSA), has recalled all those plaintiffs' vehicles as part of Recall 20S31. So, the doctrine of prudential mootness also calls for dismissal of the Non-Representative Plaintiffs.

## II. PROCEDURAL HISTORY

On August 14, 2019, Plaintiffs filed the operative First Amended Consolidated Class Action Complaint, asserting putative classes to include plaintiffs from Alabama, Colorado, Connecticut, California, Florida, Georgia, Michigan, New York, South Carolina, Texas, and West Virginia. ECF No. 52. The Court granted Ford's motion to dismiss in part, ECF No. 59, after which 23 claims from plaintiffs in the 11 states represented in the FACCAC remained, ECF No. 214, PageID.16384–85 (filed under seal). The Court also entered scheduling orders setting out case deadlines, including for class certification motions. *See* ECF Nos. 65, 67, 123.

On May 5, 2021, the Court entered its Third Amended Scheduling Order, which set a deadline of June 22, 2021 for class certification motions. ECF No. 123. On June 22, 2021,[1] plaintiffs Weidman (Alabama), Thuotte (California), Mitchell (Florida), Cobb (Georgia), Gollott (Texas), and Perry (Texas) filed their Motion for Class Certification and Appointment of Class Representatives and Co-Lead Class Counsel in which they moved, under Fed. R. Civ. P. 23(b)(3), for the certification of classes consisting of "all persons who purchased or leased in [those states] a 2013-2018 Ford F-150 equipped with a Hitachi made step-bore master cylinder not included in Safety Recall 20S31."[2] ECF No. 150, PageID.6500–01. Alternatively, those plaintiffs requested issue certification "for the (b)(3) Classes defined above." *Id.* at PageID.6501. The remaining ten named plaintiffs, Bonasera (California), Leandro (California), Naasz (California), Sanchez (Colorado), Ginsberg (Connecticut), Tauriainen (Michigan), Adams (New York), Groce (South Carolina),

---

[1] At various times prior to this date, named plaintiffs Burton, Bush, Gomez, Huff, and Valentin were voluntarily dismissed. *See* ECF No. 77, PageID.3141–44; ECF No. 144, PageID.6254–57; ECF No. 148, PageID.6311–13.

[2] Those same plaintiffs also moved for certification of an Injunctive Relief Class under Fed. R. Civ. P. 23(b)(2) encompassing "all persons in Alabama, California, Florida, Georgia, and Texas who currently own or lease a 2013-2018 Ford F-150 equipped with a Hitachi made step-bore master cylinder not included in Safety Recall 20S31." ECF. No. 150, PageID.6500. The Court denied that part of the Motion. ECF No. 214, PageID.16400–02 (filed under seal).

Epperson (Texas), and Wilburn (West Virginia), never filed for class certification of any of their claims.

The Court partially granted the Motion and certified, pursuant to Fed. R. Civ. P. 23(c)(4), issues classes in each of the five represented states. ECF No. 214, PageID.16418 (filed under seal), *as modified by* ECF No. 232, PageID.16951. At the same time, the Court entered summary judgment in Ford's favor as to the claims of plaintiffs Bonasera (California) and Epperson (Texas). ECF No. 214, PageID.16396–98 (filed under seal). The issues-class jury trial is set for March 7, 2023.

### III. FACTUAL BACKGROUND

The Non-Representative Plaintiffs own 2015 or 2016 F-150s that were built between May 3, 2015 and May 18, 2016:

| Name | Vehicle Identification Number | Model Year | Build Date | Source |
|---|---|---|---|---|
| Adams | XXXXXXXXXXXFC31454 | 2016 | May 18, 2016 | Ex. A |
| Ginsberg | XXXXXXXXXXXB75570 | 2015 | June 3, 2015 | Ex. B |
| Groce | XXXXXXXXXXXA07930 | 2016 | October 27, 2015 | Ex. C |
| Leandro | XXXXXXXXXXXD32898 | 2016 | December 13, 2015 | Ex. D |
| Naasz | XXXXXXXXXXXD36847 | 2015 | May 3, 2015 | Ex. E |
| Sanchez | XXXXXXXXXXXF04776 | 2016 | November 12, 2015 | Ex. F |
| Tauriainen | XXXXXXXXXXXB69134 | 2015 | May 28, 2015 | Ex. G |
| Wilburn | XXXXXXXXXXXC90719 | 2016 | September 27, 2015 | Ex. H |

In Recall 20S31, Ford recalled all F-150s equipped with a 3.5L Ecoboost engine that were built between October 1, 2014 and August 1, 2016. Ex. I (Recall Notice). Plaintiffs provide no evidence that the redesigned master cylinder that Ford offered as a remedy in Recall 20S31 failed to resolve the alleged defect. *See* ECF No. 150, PageID.6518 (Plaintiffs' motion for class certification); ECF No. 154, at 5-6 (filed under seal). Indeed, the six class-representative plaintiffs explicitly excluded owners and lessors of F-150s included in Recall 20S31 from the Classes they seek to represent. *See* ECF No. 150 at PageID.6515 n.1 ("While the operative Complaint includes all 2013-2018 F-150s, in this Motion Plaintiffs seek class certification only on behalf of owners and lessees of those 2013-2018 F-150s that were not included in Ford's 2020 Safety Recall (No. 20S31).").

None of the Non-Representative Plaintiffs' claims should survive. First, because they did not move for class certification in accordance with the Court's schedule, their class allegations and claims should be stricken and dismissed. And second, the Non-Representative Plaintiffs received recalls under the supervision of NHTSA, restoring any allegedly deprived benefit and relieving them of any alleged repair costs. This Court should allow NHTSA to exercise its supervisory authority over Recall 20S31 and dismiss the Non-Representative Plaintiffs' individual claims.

4

## IV. THE CLASS ALLEGATIONS AND CLAIMS OF THE REMAINING NAMED INDIVIDUAL PLAINTIFFS WHO DID NOT MOVE FOR CLASS CERTIFICATION BY THE COURT'S DEADLINE SHOULD BE STRICKEN AND DISMISSED

Plaintiffs Leandro (California), Naasz (California), Sanchez (Colorado), Ginsberg (Connecticut), Tauriainen (Michigan), Adams (New York), Groce (South Carolina), and Wilburn (West Virginia) never filed for class certification of any of their claims by the Court's June 22, 2021 deadline to do so.[3] Their class allegations and claims should therefore be stricken and dismissed.

In class actions, "[a]t an early practicable time" after a plaintiff sues as a class representative, that plaintiff must move for class certification and "the court must determine by order whether to certify the action as a class action." *See* Fed. R. Civ. P. 23(c)(1)(A).[4] Where a plaintiff fails to "timely [file] a class certification motion, the Court acts within its discretion by striking the class allegations and dismissing the class claims." *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08-CV-408, 2015 WL 13048741, at *18 (S.D. Ohio Sept. 25, 2015), *aff'd sub nom. Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451 (6th Cir. 2017);[5] *see also Chrisman v. Countrywide Home Loans, Inc.*, No. 3:07-CV-333, 2010 WL 1257864, at *1 (E.D.

---

[3] Nor did Plaintiffs Bonasera (California) or Epperson (Texas), against whom all these arguments would also apply, had judgment not already been entered against them. *See* ECF No. 214, PageID.16417 (filed under seal).

[4] Emphasis added and alterations omitted throughout unless otherwise noted.

[5] A copy of each unpublished decision is attached hereto as Exhibit J.

5

Tenn. Mar. 26, 2010); *Grandson v. Univ. of Minnesota*, 272 F.3d 568, 574 (8th Cir. 2001); *Rodriguez v. City of Green Bay*, No. 20-C-1819, 2021 WL 1910749, at *1 (E.D. Wis. May 12, 2021) ("Class allegations may be stricken from a complaint for failure to comply with court orders.").

Courts have reasoned that dismissal is appropriate in this circumstance because "a failure to move for class certification by the applicable deadline constitutes a waiver or abandonment of the class claims." *In re Pella Corp. Architect & Designer Series Windows Mktg.*, No. 2:14-MN-00001-DCN, 2015 WL 4162442, at *5 (D.S.C. July 9, 2015) (citing *Kendrick v. Jefferson Cnty. Bd. of Educ.*, 932 F.2d 910, 914 (11th Cir. 1991)); *see also Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 362 (M.D. Tenn. 2006) ("[T]he passage of the date for filing a motion to certify the action as a class action without the plaintiffs' actually filing any such motion terminated the action as a class action from that day forward."); *Dickson v. Am. Airlines, Inc.*, 685 F. Supp. 2d 623, 629 (N.D. Tex. 2010) (holding that where the plaintiff failed to move for class certification by the applicable deadline, the case was "no longer . . . a putative class action"); *McLean v. Merrifield*, No. 00-CV-0120E(SC), 2002 WL 1477607, at *7 (W.D.N.Y. June 28, 2002) (noting that failure to move for class certification within the allocated time frame constitutes an intentional abandonment and waiver of all class allegations).

A district court's authority to strike and dismiss in these circumstances is supported by several rules, most pertinently here Federal Rule of Civil Procedure 41(b), which allows a defendant to "move to dismiss . . . any claim against it" if the plaintiff "fails to . . . comply with . . . a court order." *See Chrisman*, 2010 WL 1257864, at *1 (invoking Rule 41(b) to grant defendants' motion to strike class claims where the plaintiffs failed to move for class certification by the date set forth in the court's scheduling order). Courts also find authority for striking class allegations in these circumstances in Rule 23(c)(1)(A), which requires the district court to issue an order determining whether to certify a class at an early practical time. *See Kline*, 704 F. App'x at 467.

Under the Court's scheduling order, Plaintiffs had until June 22, 2021 to file any class certification motions. ECF No. 123. The Non-Representative Plaintiffs never did so. Those Plaintiffs have waived or abandoned their class claims and all allegations relating to their class claims should be stricken and dismissed.

## V. THE NHTSA IS SUPERVISING THE RECALL OF THE VEHICLES OF THE NON-REPRESENTATIVE PLAINTIFFS

The Court should also dismiss the Non-Representative Plaintiffs' individual claims under the doctrine of prudential mootness, because they have (or can) receive the remedies Ford is providing, and the NHTSA is supervising, under Recall 20S31.

Article III requires that federal courts only adjudicate "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

7

Though sometimes "mootness bears a constitutional countenance," other times "mootness carries a more prudential complexion, permitting [a court] to withhold relief [it] ha[s] the authority to grant." *Winzler v. Toyota Motor Sales USA, Inc.*, 681 F.3d 1208, 1209 (10th Cir. 2012). Prudential mootness often arises where the controversy "is so attenuated that consideration of prudence and comity for coordinate branches of government counsel the court to stay its hand." *Sharp v. FCA US LLC*, No 21-12497, 2022 WL 14721245, at *6 (E.D. Mich. Oct. 25, 2022) (quoting *Nasoordeen v. F.D.I.C.*, No. 08-05631, 2010 WL 1135888 (C.D. Cal. Mar. 17, 2010)). That is, where a coordinate branch of the federal government has provided remedial commitments to a plaintiff, affording a judicial remedy on top of it "risks needless inter-branch disputes over the execution of the remedial process and the duplicative expenditure of finite public resources." *Id.* (quoting *Winzler*, 681 F.3d at 1211). Relevant here, where a plaintiff has received a "remedial commitment" from NHTSA for an alleged automobile defect claim via an administratively overseen recall, that plaintiff's defect claims are moot and should be dismissed. *See id.* at *6–7.

The Sixth Circuit has adopted such an approach. In *Hadley v. Chrysler Grp., LLC*, it affirmed dismissal of a class action complaint where the defendant had initiated a recall program for the alleged defect, and the plaintiffs' allegations that the program would be ineffective were hypothetical. 624 F. App'x 374, 379–80 (6th

8

Cir. 2015); *Hadley v. Chrysler Grp LLC,* 2014 WL 988962, at \*6 (E.D. Mich. March 13, 2014) ("No facts are alleged or otherwise presented . . . to suggest that installation of the repair parts will not cure the airbag module defect."). Other courts in this district are in accord. *See Flores v. FCA US LLC*, No. 19-10417, 2020 WL 7024850, at \*4 (E.D. Mich. Nov. 30, 2020) (Drain, J.) (finding that the recall resulted in plaintiffs having "no claim for actual damages," and "there is no substantial reason for Plaintiffs to fear that Defendant will fail to continue providing relief"); *Sharp*, 2022 WL 14721245, at \*7 (dismissing class-action complaint where FCA issued recall "[w]ithin two weeks of the lawsuit being filed" and "promised to replace the defective [components]"); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2022 WL 4211149, at \*4 (E.D. Mich. Sept. 12, 2022) ("Sixth Circuit cases on point, which were cited in the plaintiffs' non-controlling district court decisions, plainly have held that the complete repair of an alleged defect forecloses recovery on a benefit-of-the-bargain theory.").[6]

---

[6] The Court previously held that "[i]t remains a question of fact whether the 2016 changes remedied the Brake System Defect," including because "the bypass failure was not remedied by Ford until sometime in 2019." *Weidman v. Ford Motor Co.*, No. 18-CV-12719, 2022 WL 1071289, at \*4 (E.D. Mich. Apr. 8, 2022). This motion, in contrast, challenges claims of the eight Non-Representative Plaintiffs, *all* of whom have vehicles within the scope of Ford's recall in 2020, *none* of whom are either class representatives or class members, and *none* of whom have offered evidence that after Recall 20S31, they're left with something less than the benefit of their bargain. *Accord In re Takata Airbag Prod. Liab. Litig.*, MDL No. 2599, slip op. at 1–2 (S.D. Fla. Nov. 10, 2022) (granting summary judgment under the laws of

9

Dismissal is appropriate here too. As part of Recall 20S31, Ford "set into motion the great grinding gears of a statutorily mandated and administratively overseen national recall process." *Sharp*, 2022 WL 14721245, at *6 (quoting *Winzler*, 681 F.3d at 1211). As part of that process, all owners or lessors of F-150s subject to the recall were promised a free replacement of their vehicles' master cylinder. Ex. I. The F-150s owned or leased by Leandro, Naasz, Sanchez, Ginsberg, Tauriainen, Adams, Groce, and Wilburn were all subject to Recall 20S31 (as were those owned by now-dismissed plaintiffs Bonasera and Epperson). Thus, NHTSA, as part of a coordinate branch of the federal government, has provided these plaintiffs their remedy.[7] Their claims against Ford, then, are moot and should be dismissed.

---

14 States, holding that "evidence of Defendants' post-sale repairs is not only relevant to the calculation of Plaintiffs' damages, but eliminates those damages altogether").

[7] The Non-Representative Plaintiffs might argue that the recall remedy failed to make them whole, but that argument is foreclosed by the substantive law of each relevant state. *See In re Gen. Motors LLC Ignition Switch Litig.*, 407 F. Supp. 3d 212, 226 (S.D.N.Y. 2019) ("[T]he core measure of benefit-of-the-bargain damages in an automotive defect case (whether predicated on California implied-warranty, CLRA, UCL, or common-law claims), is the cost to repair the defect . . . ."); *Sanford v. Kobey Bros. Const. Corp.*, 689 P.2d 724, 726 (Colo. App. 1984) (cost of repair is proper measure of damages unless it would cause "unreasonable economic waste"); *Vezina v. Nautilus Pools, Inc.*, 610 A.2d 1312, 1319 ( Conn. 1992) (same); *Strzelecki v. Blaser's Lakeside Indus. of Rice Lake, Inc.*, 348 N.W.2d 311, 312 (Mich. Ct. App. 1984) ("[I]f the injury is reparable, and the expense of repairs is less than the market value, the measure of damage is the cost of the repairs."); *Fisher v. Qualico Contracting Corp.*, 779 N.E.2d 178, 182 (N.Y. 2002) (proper measure of damages

## VI. <u>CONCLUSION</u>

For these reasons, Ford asks the Court to strike and dismiss the claims of the remaining Non-Representative Plaintiffs: Leandro (California), Naasz (California), Sanchez (Colorado), Ginsberg (Connecticut), Tauriainen (Michigan), Adams (New York), Groce (South Carolina), and Wilburn (West Virginia).

Respectfully submitted,

Dated: November 16, 2022

By: /s/ *Stephanie A. Douglas*
Stephanie A. Douglas

Randall W. Edwards (CA 179053)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8700
redwards@omm.com

Stephanie A. Douglas (P70272)
BUSH SEYFERTH PLLC
100 W. Big Beaver Rd., Suite 400
Troy, MI 48084
(248) 822-7800
douglas@bsplaw.com

A. Lane Morrison (TX 24122924)
BUSH SEYFERTH PLLC
5810 Wilson Rd, Suite 125
Humble, TX 77396
(281) 930-6853
morrison@bsplaw.com

*Attorneys for Defendant Ford Motor Company*

---

is "the lower of" repair costs or diminution in value); *Barnett v. Charleston & W. C. Ry. Co.*, 96 S.E.2d 555, 558 (S.C. 1957) (proper measure of damages is "the reasonable cost of restoring the property to its previous condition"); *Ellis v. King*, 400 S.E.2d 235, 238 (W. Va. 1990) ("general rule [for] the measure of damages to personal property" is "the cost of repair[]").